William G. Hecht, Jr., J.
Petitioner moves for a stay of a proposed arbitration.
Paragraph 5 (b) of the contract between the parties provides that: “If the Cost of Living Index (revised Consumer Price Index for New York City issued by the Bureau of Labor Statistics of the United States Department of Labor) shall during the term of this agreement be 5% or more higher than such index on May 15,1955, the Union may upon 30 days’ notice in writing demand a reopening of this agreement for the purpose of negotiation of wages only.”
The agreement also contains a provision for arbitration of “ any difference or disagreement between the parties, involving the meaning or the application of the provisions of this agreement ” (italics supplied).
The restricted and limited scope of the questions subject to arbitration under this clause is emphasized and confirmed by the additional stipulation that “ the arbitrators shall be limited to ruling on interpretations as to the application or meaning of the terms of this agreement. The board of arbitrators shall have no power to add to, or subtract from, or modify any terms of this agreement.”
The respondent .has served notice of its intention to arbitrate two questions:
“ (1) Whether the employees covered by the agreement shall receive an increase of wages because of a rise in the Cost of Living Index?
“ (2) What shall be the amount of said increase and what date shall said increase be effective? ”
The only question which could possibly be subject to arbitration, as a result of the undenied rise of 5% or more in the specified “ Cost of Living Index ”, is the meaning and applica *261 tion of the provision of paragraph 5 (b) of the contract, previously quoted.
Such arbitration is permissible, however, only to the extent that the meaning and application of paragraph 5 (b) are ambiguous and susceptible of two interpretations, it being well settled that there is no arbitrable dispute when the clear and unambiguous language of the contract is contrary to the contentions of the parties seeking arbitration (Matter of International Assn. of Machinists [Cutler-Hammer], 271 App. Div. 917, affd. 297 N. Y. 519; Matter of General Elec. Co. [United Elec. Radio & Mach. Workers of America, C.I.O.], 300 N. Y. 262). As the Appellate Division said in the Cutler-Hammer case (p. 918): “ the mere assertion by a party of a meaning of a provision which is clearly contrary to the plain meaning of the words cannot make an arbitrable issue.”
This is particularly true in the instant case, in the light of the express stipulation that ‘ ‘ The board of arbitrators shall have no power to add to, or subtract from, or modify any terms of this agreement. ’ ’
Paragraph 5 (b) clearly and indisputably provides that a rise of 5% or more in the “ Cost of Living Index” shall merely entitle the Union to demand a reopening of the contract for the purpose of negotiation of wages only. Any increase of wages must come through ‘ ‘ negotiation ” if at all. There is no provision that a 5% or more rise in the index shall entitle the employees to a corresponding increase of wages, nor is there a provision that, if negotiations fail to result in an agreement on the amount of an increase, the amount shall be fixed by arbitration. On the contrary, the contract, in unambiguous terms, prohibits the arbitrators from granting any wage increase, for it limits their power and jurisdiction to rulings as to the meaning and application of the provisions of the agreement and adds that they shall have no power to add to, subtract from, or modify any of its terms. The first question proposed to be submitted to arbitration is one of interpretation and is properly arbitrable, for the agreement is susceptible of the construction that a 5% or more rise in the index would justify some increase. This fact appears to be recognized by the petitioner, which did not take the position that no increase was warranted but, instead, ‘ ‘ entered into negotiations ” as to the demand for an increase. The second question proposed to be arbitrated is, however, not arbitrable, since it seeks to have the amount of the increase fixed, not through ‘ ‘ negotiations ’ ’, as required by the contract, but by the arbitrators, who are expressly limited to deciding questions of interpretation and application of the contractual provisions.
*262 The situation presented is similar to that which obtained in Matter of International Assn. of Machinists (Cutler-Hammer, Inc.) (supra); Matter of Berger (World Broadcasting System) (191 Misc. 870, affd. 274 App. Div. 789) and other cases cited by the petitioner. Matter of Bohlinger (National Cash Register Co.) (305 N. Y. 539) is clearly distinguishable, for there the contract provided for arbitration of any dispute, including “ any dispute which might arise in respect of matters not provided for in the agreement ”. (P. 542.) Matter of Beech-Nut Packing Co. (134 N. Y. S. 2d 916) is similarly distinguishable, for in that case the contract provided for arbitration of all disputes.
It does not necessarily follow that failure of negotiations to result in an agreement upon wage increases will result in the Union being bound by its covenants in the contract, such as its covenant not to strike during the life of the agreement. The effect of such failure to agree upon the Union’s obligations under the contract would present a dispute as to the interpretation and application of the contractual provisions, which might well be arbitrable in view of the failure of the contract to provide for that contingency and the injustice of permitting petitioner to (1) decide for itself what increase, if any, the members of the Union ought to receive (when the price index went up 5% or more) and (2) yet hold the Union to its obligations under the contract. Whatever the Union’s remedies, however, it is clear that the express provisions of the contract between the parties do not permit, and in fact, prohibit the fixation of the amount of the wage increase by the arbitrators.
The motion to stay arbitration is granted only to the extent of staying arbitration as to question (2) in the notice of arbitration, and otherwise denied. If petitioner, on the settlement of the order hereon should stipulate that respondent’s members are entitled to some increase in wages, the motion will he granted in its entirety, for, in that event no arbitrable dispute would he presented by question (1).
Settle order in conformity with the foregoing.