In the Matter of the Application of S. A. WENGER & CO.,
  INC., Appellant, against PROPPER SILK HOSIERY MILLS,
  INC., Respondent.

Arbitration — questions of law and fact — Supreme Court
will compel parties to proceed with arbitration in conformity
with the contract without deciding questions of law and fact
in dispute.

1. Under the Arbitration Law (Cons. Laws, ch. 72, § 3) a party
aggrieved by the failure, neglect or refusal of another to perform
under a contract or submission providing for arbitration may petition
the Supreme Court, or a judge thereof, for an order directing that
such arbitration be carried out.

2. When traders have selected their tribunal under this statute,
the court ought not to interfere with them unless very substantial
reasons are shown, and where a *bona fide* dispute in fact arises over
the performance of a contract of purchase and sale it does not devolve
upon the court to say as a matter of law that there is nothing to
arbitrate.

*Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills*, 209 App.
Div. 784, reversed.

(Argued November 25, 1924; decided December 16, 1924.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
July 2, 1924, which reversed an order of Special Term
granting a motion for an order directing that the parties
herein proceed to arbitration and denied said motion.

*Max D. Steuer* and *Samuel Gottlieb* for appellant.
A dispute having arisen relative to the fulfillment of the
terms of their contract, the petitioner is entitled to have
it determined in the manner agreed upon, and in the
tribunal chosen by the parties for that purpose. It is
immaterial whether the dispute presents solely a question
of law, fact or a mixed question of law and fact. (*Perkins*
v. *Minford*, 235 N. Y. 301; *Seaver* v. *Lindsay Light Co.*,

233 N. Y. 273; *Dwane* v. *Weil,* 199 App. Div. 719, 732; *Kunglig* v. *Dexter,* 299 Fed. Rep. 991; *Fudicker* v. *Guardian M. L. Ins. Co.,* 62 N. Y. 392; *Matter of Berkovitz* v. *Arbib & Houlberg,* 230 N. Y. 261; *Everett* v. *Brown,* 120 Misc. Rep. 349; *Perkins* v. *Giles,* 50 N. Y. 228; *Hoffman* v. *De Graaf,* 109 N. Y. 638; *Masury* v. *Whiton,* 111 N. Y. 679; *Sweet* v. *Morrison,* 116 N. Y. 19.) The petition for an arbitration need not set forth a cause of action at law. (*Downing* v. *Lee,* 40 Mo. App. 604; *Dilks* v. *Hamils,* 86 Ind. 563; *Houston Saengerbund* v. *Dunn,* 92 S. W. Rep. 429.) The language of the arbitration clause is sufficiently broad to cover any dispute arising out of the contract. (*Itoh & Co.* v. *Boyer Oil Co.,* 198 App. Div. 881.)

*Harry M. Marks* for respondent. No dispute having arisen relative to the fulfillment of any of the terms of the contract, the arbitration clause is inoperative and unenforcible. The only question arising is one of pure legal liability to pay due to a condition beyond the terms of the contract. (*Bachmann-Emmerich Co.* v. *Wenger,* 204 App. Div. 282; *General Silk Imp. Co.* v. *Gerseta Corp.,* 198 App. Div. 16; *Matter of G. S. Importing Co.,* 200 App. Div. 786; *Seaver* v. *Lindsay Light Co.,* 233 N. Y. 273; *Standard Casing Co.* v. *California Casing Co.,* 233 N. Y. 413; *Dwane* v. *Weil,* 199 App. Div. 719; *Smith Co.* v. *Moschlades,* 193 App. Div. 126; *Willitts & Patterson* v. *Abekobei & Co.,* 197 App. Div. 528; *Harper* v. *Hochstein,* 278 Fed. Rep. 102; *Berkovitz* v. *Arbib,* 230 N. Y. 261; *Beacham* v. *Jamestown,* 211 N. Y. 346; *U. S. Asphalt Co.* v. *Trinidad Co.,* 224 Fed. Rep. 1006.) ·

POUND, J. The petitioner herein sets forth a written contract for the purchase and sale of silk entered into by it with the Propper Silk Hosiery Mills, Inc., which contains the following arbitration clause:

" Arbitration. In the event of any dispute arising relative to the fulfillment of any of the above terms, and failing an amicable adjustment, it shall be settled by arbitration, under the rules of the Silk Association of America, the decision of the Arbitrators to be final and binding on both parties."

It further alleges that a dispute has arisen between the parties under the contract with respect to certain bales of raw silk. Petitioner asserts that the silk was purchased by it for the account of the Propper Company and marked and appropriated to the contract, stored in petitioner's go-downs at Yokohama at the risk of the Propper Company and destroyed by earthquake and fire; that petitioner demanded payment of the purchase price which was refused; that an amicable adjustment has failed and that the court should order arbitration of the dispute according to the terms of the contract.

The Propper Company contends that under the terms of the contract title did not pass to it until the silk was shipped and that there is no dispute arising relative to the fulfillment of any of the terms of the contract because as matter of law the terms of the contract have not been fulfilled by petitioner. The Appellate Division has accepted this view of the transaction and denied the motion. It says:

" It is apparent upon the face of the contract that it was a C. I. F. contract. It provides:

" ' Price per pound Cost, Freight and Insurance, New York. Import duties or taxes, if levied to be for Buyer's account. * * * Shipment from Yokohama end of July/Aug/Sept. Marine insurance to be covered by shippers. Reimbursement by four months sight draft on New York for which a Banker's letter of Credit to be furnished by buyer within ten days prior to time of shipment.' "

But the operation of the rules as to passage of title is subordinate to intention. (*Standard Casing Co., Inc.,* v.

*California Casing Co.*, 233 N. Y. 413, 416.) The contract refers to " reimbursement " being made by the purchaser prior to the time of shipment, and these words seem to indicate that the petitioner was to purchase the goods for the buyer so that title passed before the duty of shipment arose. (Personal Prop. Law [Cons. Laws, ch. 41], §§ 99, 100.)

The contract provides: " Sales governed by Raw Silk Rules & Regulations of the Silk Association of America." The record does not set forth the rules. They are, however, a part of the contract. They confer rights upon both parties. The parties have agreed that their disputes arising relative to the fulfillment of the terms of the contract shall be settled by arbitration. It is the duty of the court to enforce their agreement rather than to undertake itself to settle the dispute or to narrow the field of arbitral disputes. (*Matter of Berkovitz* v. *Arbib & Houlberg, Inc.*, 230 N. Y. 261.) The Arbitration Law (Cons. Laws, ch. 72, § 3) provides:

" A party aggrieved by the failure, neglect or refusal of another to perform under a contract or submission providing for arbitration * * * may petition the Supreme Court, or a judge thereof, for an order directing that such arbitration proceed in the manner provided for in such contract or submission. * * * The court, or a judge thereof, shall hear the parties, and upon being satisfied that the making of the contract or submission or the failure to comply therewith is not in issue, * * * shall make an order directing the parties to proceed to arbitration in accordance with the terms of the contract or submission."

We have a contract and a refusal to arbitrate under a contract. Unquestionably a claim may be so unconscionable or a defense so frivolous as to justify the court in refusing to order the parties to proceed to arbitration, but where a *bona fide* dispute in fact arises over the performance of a contract of purchase and sale it does

not devolve upon the court to say that as matter of law there is nothing to arbitrate. It may be that under the rules of the Raw Silk Association matters of strict law are subordinated to a course of dealing or to the equities of the case. Difficult questions of law as well as of fact may arise. By the terms of the contract disputes whether of law or fact are arbitrable. Traders may prefer the decision of the arbitral tribunal to that of the courts on such questions. When they have selected their tribunal, the court ought not to interfere with them unless very substantial reasons are shown. (*Wood* v. *Tunnicliff*, 74 N. Y. 38, 44; *Smith, Coney & Barrett* v. *Becker, Gray & Co.*, [1916] 2 Ch. 86.)

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and the Appellate Division.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur; CRANE, J., absent.

Ordered accordingly.