In the Matter of the Arbitration between INTERNATIONAL ASSOCIATION OF MACHINISTS, DISTRICT No. 15, LOCAL No. 402, Appellant, and CUTLER-HAMMER, INC., Respondent.

In the Matter of the Arbitration between CUTLER-HAMMER, INC., Respondent, and INTERNATIONAL ASSOCIATION OF MACHINISTS, DISTRICT No. 15, LOCAL No. 402, Appellant.

Argued May 28, 1947; decided July 2, 1947.

*Abraham Fishbein* and *Jerome Y. Sturm* for appellant.

*J. Edward Lumbard, Jr.,* and *Paul J. Quinn* for respondent.

Order affirmed, with costs; no opinion.

Concur: LOUGHRAN, Ch. J., LEWIS, CONWAY, THACHER and DYE, JJ.; FULD, J., dissents in following memorandum in which DESMOND, J., concurs.

A claim may be " so unconscionable or a defense so frivolous " as to justify the court in refusing to order the parties to proceed to arbitration (*Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills,* 239 N. Y. 199, 202), but I do not so regard the claim here asserted. I have difficulty in concluding, as respondent urges, that reasonable men cannot differ as to the meaning of the provision in question. While I see that as a possible construction, I do not consider it the only one. It may well be argued, and in good faith, that in the light of surrounding circumstances and of experience in the industry, and, indeed, in this very business, respondent company agreed that a bonus would be paid — at least where the company's business warranted — and that it would discuss with the employees the amount of payment, i.e., " payment of a bonus ".

If there is a possibility of such a construction, the court should not remove the controversy from the sphere of arbitra-

tion, particularly when the applicable arbitration clause —
" If any dispute shall arise * * * as to meaning, performance, non-performance or application of the provisions of this agreement " — is so broad.

In short, I think that there is something to arbitrate, and the order should be reversed.