In the Matter of the Arbitration between GENERAL ELECTRIC COMPANY, Respondent, and UNITED ELECTRICAL RADIO AND MACHINE WORKERS OF AMERICA, C.I.O., Appellant.

Argued November 28, 1949; decided December 29, 1949.

*Arthur Kinoy* and *David Scribner* for appellant. I. Special Term was correct in deciding that the issue directed to be

arbitrated is clearly arbitrable under the agreement between the parties. (*Matter of Berkovitz* v. *Arbib & Houlberg,* 230 N. Y. 261; *Davis* v. *Rochester Can Co.,* 124 Misc. 123; *Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills,* 239 N. Y. 199; *Matter of Lipman* [*Haeuser Shellac Co.*], 263 App. Div. 880, 289 N. Y. 76; *Matter of Kahn* [*Nat. City Bank*], 284 N. Y. 515; *Matter of Frankle* [*Petzold, Ltd. Fur Dyeing Corp.*], 180 Misc. 88; *Matter of Aqua Mfg. Co.* [*Warshow & Sons*], 179 Misc. 949; *Reader Mail, Inc.,* v. *Fishko,* N. Y. L. J., Sept. 28, 1943, 266 App. Div. 962, 291 N. Y. 752; *Matter of Local 474, Nat. Food Chain Store Employees* [*Safeway Stores*], 79 N. Y. S. 2d 493, 274 App. Div. 779; *Matter of MacLaren* [*Phelps-Dodge Copper Products Corp.*], 70 N. Y. S. 2d 330, 272 App. Div. 880.) II. Special Term was correct in deciding that the settlement of economic issues does not bar an arbitration as to the interpretation of the contract. III. Special Term was correct in deciding that nothing in prior negotiations regarding the pension plan bars the arbitrability of this dispute. (*Matter of Local 474, Nat. Food Chain Store Employees* [*Safeway Stores*], 79 N. Y. S. 2d 493, 274 App. Div. 779.)

*J. Edward Lumbard, Jr., Granville Whittlesey, Jr., William J. Barron* and *Paul J. Quinn* for respondent. I. It is for the court to determine whether there is a bona fide dispute as to the meaning or application of the discrimination provision of the contract. (*Matter of International Assn. of Machinists* [*Cutler-Hammer, Inc.*], 271 App. Div. 917, 297 N. Y. 519.) II. Since all employees receive pension credit on exactly the same basis, there can be no discrimination and no bona fide claim of discrimination. (*Inland Steel Co.* v. *National Labor Relations Bd.,* 170 F. 2d 247, 336 U. S. 960.)

*Per Curiam.* A collective bargaining agreement between the union and the company provides for arbitration of disputes over the application or interpretation of any of its provisions. The contract also contains the usual prohibition of company discrimination against an employee because of union activity. Under another collective agreement the company pays each employee who serves as a union representative in adjusting grievances or negotiating with management for a maximum of eight hours per week. For all time spent upon union activity

beyond that maximum the union pays the employee at his normal rate. In 1946, the company voluntarily established an employee's pension plan whereby each employee receives pension credits based upon the time for which he is paid by the company. The collective agreement is silent on the subject of pensions, and the union has failed by negotiation to induce the company to make any commitment in that respect. The union now asserts that it is entitled to arbitrate its claim that the company is violating the antidiscrimination provision of the collective bargaining agreement by failure to afford pension credits for time spent in union activities beyond those hours for which the company has agreed to pay.

If, under the unambiguous terms of an agreement calling for arbitration, there has been no default, the court may not make an order compelling a party to proceed to arbitration (*Matter of International Assn. of Machinists [Cutler-Hammer, Inc.]*, 271 App. Div. 917, affd. 297 N. Y. 519). Whether or not a bona fide dispute exists is a question of law (*Matter of Wenger & Co. v. Propper Silk Hosiery Mills*, 239 N. Y. 199, 202–203). If there is no real ground of claim, the court may refuse to allow arbitration, although the alleged dispute may fall within the literal language of the arbitration agreement. Such is the situation here. The antidiscrimination clause of the collective bargaining agreement cannot be invoked, in the circumstances of this case, to compel a change in the second collective agreement. Neither compensation nor pension credits are given by the company for time spent in union activity beyond the maximum number of hours per week for which the company has agreed to pay. To do so would be to discriminate in favor of the union representatives. The company has no such obligation. The pension plan is administered on the basis of compensation paid to all of its employees. There is no possible basis for a charge of discrimination, and by that token, no possible ground for arbitration.

The order of the Appellate Division should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and BROMLEY, JJ., concur.

Order affirmed.