Appeal from an order and judgment of the Supreme Court at Special Term, entered December 12, 1949, in New York County, which (1) granted a motion by respondent to confirm an award of arbitrators, and (2) denied a cross motion by appellant for an order vacating said award. Order and judgment affirmed, with costs to the respondent.
Van Voorhis, J.
(dissenting). This controversy concerns alleged defects in certain textiles, which were sold and twice resold. The ultimate purchaser, who has paid for the goods, claims against the original seller and has obtained an award in arbitration. Abbreviating for convenience the names of the corporate buyers and sellers, these goods were sold under separate contracts by Deering Milliken to Erlanger, by Erlanger to Surrey Classics, and finally by Surrey Classics to Packard. Packard claimed against Surrey Classics, its immediate vendor, and notification that such a claim had been made traveled back to Deering Milliken through each purchaser in turn. The rules of the National Federation of Textiles, Inc. (incorporated in the contract between Deering Milliken and Erlanger as the procedural standard) forbade the prosecution of any claim of contingent liability by way of indemnification.
For this reason, among others, difficulty was encountered in placing the ultimate liability upon Deering Milliken, where it belonged if these goods were defective. Packard was confronted with other obstacles in recovering against Surrey Classics or Erlanger, in view of specific clauses in the contracts between them. After the institution of arbitration proceedings against others than Deering Milliken, and the lapse of nearly two years’ time, these problems appeared to be solved by an assignment to Packard from Erlanger of Erlangen’s contractual rights against Deering Milliken. This assignment was made May 10, 1949. The goods were invoiced by Deering Milliken to Erlanger at or about June 19,1947. Upon the basis of this assignment, and upon it alone, judgment for $19,382.25 has been entered on an arbitration award against Deering Milliken *754 in favor of Packard. Deering Milliken has appealed. The judgment and order appealed from should be reversed, for the reason that there is no arbitrable dispute under the provisions of said contract. The court, as- it seems to me, is not presently concerned with contracts between Brlanger and Surrey Classics, or between the latter and Packard. Packard must stand or fall by whatever rights Brlanger had against Deering Milliken. It becomes necessary, therefore, to examine the contract between those two corporations, from which all of Packard’s rights stem which are involved herein.
That contract, between Deering Milliken and Brlanger, contained an arbitration clause, to be sure, but stated that “ in no event may Buyer make claims more than one year after date of invoice.” The date of invoice was June 19, 1947. Packard made no claim against Deering Milliken until after May 10, 1949, when it received an assignment of this contract from Brlanger. Packard’s right to recovery on this contract depends, therefore, upon whether Brlanger made a claim for these defects against Deering Milliken prior to the expiration of one year from June 19, 1947. Brlanger clearly made no such claim. The only communication of the sort within that year was by letter dated July 6, 1948, from Brlanger to Deering Milliken, stating:
“A couple of days ago I gave Mr. Tom Knott a sample cut of your mill style #B121, Cavalry Twill, which showed a warp condition.
“We would appreciate your comments on this problem.”
This was hardly a claim for loss or damage due to breach of warranty on the shipment. To make a claim involves taking a position with respect to one’s rights. This letter omits to do so. Moreover, the contract required the buyer to return unprocessed goods claimed to be defective. No goods were returned, although a great part, of them have remained in their original state.
It is true that Brlanger had notified Deering Milliken of Packard’s claim against Surrey Classics, but that was not such a claim as is recognized by that contract, inasmuch as the rules of the textile association which the contract stated governed the procedure, precluded the assertion of any contingent liability as indemnitor. Claims under the Deering Milliken-Erlanger contract had to be unconditional, or they were not recognized by the contract as being claims at all. Moreover, the award which has resulted in the judgment against Deering Milliken is not based upon any secondary liability, but upon an alleged primary liability to Brlanger to which Packard succeeded as assignee. During this entire period, and until Erlanger’s assignment to Packard, Brlanger was at pains to disclaim defects in the goods in order to protect its position against Surrey Classics and Packard. It was studiously careful not to go on record with Deering Milliken -in a manner which might prejudice its defenses against claims by those to whom it had resold the goods. There is no room for the arbitration of any question of fact concerning what occurred, in this regard, between Deering Milliken and Brlanger; the facts are undisputed and are as outlined above. Neither is there room for dispute concerning any question of law, since nothing but a contingent claim was made against Deering Milliken within a year after invoice.
There is no question of latent defects not discovered until after the expiration of the year.
Moreover, paragraph 12 of this contract provided: “ 12, Seller may, within seven days, replace any merchandise which is not in accordance with the contract, and in such event no claim shall be made by Buyer. If not so replaced, any such merchandise in its original state shall be returned to Seller and, in *755 such event, Seller shall pay Buyer the loss, if any, which shall not exceed the difference between contract price and market value on the contract date of delivery.”
It is undisputed that the bulk of this merchandise was not converted, and remained in its original state without being returned to Deering Milliken. Paragraph 12 of the contract was, without controversy, ignored and violated.
Mere complexity is insufficient to create arbitrable disputes of fact or of law. Parties may not demand arbitration in order that the law may be modified for their benefit, for the reason that a contract contains an arbitration clause. “ If the meaning of the provision of the contract sought to be arbitrated is beyond dispute, there cannot be anything to arbitrate and the contract cannot be said to provide for arbitration ” (Matter of International Assn, of Machinists [Cutler-Hammer, Inc.], 271 App. Div. 917, 918, affd. 297 N. Y. 519; Matter of Western Union Tel. Co. [Amer. Communications Assn.], 299 N. Y. 177; Matter of General Elec. Co. [United Elec. Radio & Mach. Workers of America, C.I.O.], 300 N. Y. 262; Matter of Brookside Mills [Raybrook Textile Corp.], 276 App. Div. 357).
Appellant’s rights were not waived by participating in the arbitration proceedings. If it had sought to stay the proceeding in the beginning, the objection might have been made that such a step was premature.
The judgment and order appealed from should, in my view, be reversed, the motion of Packard Fabrics, Inc., to confirm the award herein should be denied, and the motion of Deering Milliken & Co. Incorporated to vacate said award should be granted, with costs.
Dore, J. P., Cohn, Callahan and Shientag, JJ., concur in decision; Van Voorhis, J., dissents and votes to reverse and deny the motion to confirm the award and grant the motion to vacate the award in opinion.
Order and judgment affirmed, with costs to the respondent. Ho opinion.