241 F.2d 511
 63 A.L.R.2d 1350
 Application of Robert W. DAVENPORT, as President of The
Procter & Gamble Independent Union of Port Ivory,
New York, Petitioner-Appellant,
v.
The PROCTER & GAMBLE MANUFACTURING COMPANY, Respondent-Appellee.
 No. 104, Docket 24220.
 United States Court of Appeals Second Circuit.
 Argued Dec. 13, 1956.
Decided Feb. 4, 1957.
 
 Martin J. Loftus, Newark, N.J., and Sabino J. Mastroberardino, New York City, for appellant.
 Hale, Stimson, Russell & Nickerson, New York City, for appellee, Eugene H. Nickerson, New York City, James O. Coates, Cincinnati, Ohio, and Eugene C. Brugger, Ridgewood, N.Y., of counsel.
 Before SWAN, MEDINA and WATERMAN, Circuit Judges.
 SWAN, Circuit Judge.
 
 
 1
 In March 1956 this proceeding was commenced in the Supreme Court of the State of New York, County of Richmond, by Robert W. Davenport, as president of a labor union with which the respondent had made a collective bargaining agreement, to compel arbitration in accordance with the terms of the agreement. It was brought pursuant to Article 84 of the New York Civil Practice Act, C.P.A. §§ 1448-1469. After removal to the federal court on the ground of diversity of citizenship, Davenport presented a motion to remand, which was denied on May 31, 1956. A subsequent motion to compel respondent to proceed to arbitration was denied on July 12, 1956. Notice of appeal from both orders was filed July 31, 1956.
 
 
 2
 The appellee questions our appellate jurisdiction. On the assumption that the order of May 31st denying a remand was directly appealable, the notice of appeal on July 31st was filed too late.[1] But the order was not directly appealable. It was neither a final judgment,[2] nor was it an interlocutory order of a character immediately reviewable.[3] However, the appellee concedes that if the order of July 12th denying the motion to require arbitration is properly before us, the interlocutory order denying a remand may also be reviewed. Cray, McFawn & Co. v. Hegarty, Conroy & Co., 2 Cir., 85 F.2d 516, 517. But it argues that the July 12th order was not appealable as a final order, because no order has been entered dismissing the proceeding. The point is not well taken. The only relief sought by petitioner was an order to require arbitration. The order denying the motion to require it was a final order, for purposes of appeal, since nothing further was to be done by the court.[4] Dismissal of the complaint would be a pure formality without effect upon the rights of the parties. We hold that both orders are before the court for review.
 
 
 3
 The first question is the propriety of the order denying the motion to remand. The case was removed to the federal court on the ground that there was diversity of citizenship and the amount in dispute exceeded $3,000, exclusive of interest and costs.[5] Upon the motion to remand the movant, now the appellant, conceded diversity, but denied the amount in controversy, its position being that the controversy has no ascertainable money value since it is a demand solely to compel arbitration. The motion was heard upon affidavits. Judge Inch's decision is printed in the margin.[6]
 
 
 4
 The appellant's contention that a state court suit to compel arbitration is not removable finds support in the case of In re Red Cross Line, D.C.S.D.N.Y., 277 F. 853, 856. There a petition to remand was granted on the theory that the matter in dispute was 'solely the right of specific performance of the agreement to arbitrate'; and 'No pecuniary value can be given to it, and a breach can only result in nominal damages' because, 'If the arbitration is ordered, the function of the court, so far as the proceeding instituted goes, ceases.' But the view that each step in the state court suit is 'a separate proceeding' within the meaning of the removal statute was repudiated in Marchant v. Mead-Morrison Mfg. Co., 2 Cir., 29 F.2d 40, certiorari denied 278 U.S. 655, 49 S.Ct. 179, 73 L.Ed. 565. At page 43 of 29 F.2d the court said:
 
 
 5
 '* * * What transpired from the application to state Supreme Court, and the entry of an order appointing an arbitrator, to and including the application for confirmation of the award made by the arbitrators, was a suit for the specific performance of the contract. It was all one arbitration proceeding, to settle the controversies which had arisen between the parties. They were not separable controversies. * * *
 
 
 6
 'The proceeding from the outset had all the elements of a judicial controversy * * * capable of pecuniary estimation, * * *. The appointment of the arbitrator was but a step in the relief sought by the plaintiff from the damages inflicted by the breach of the contract.' (Italics added.)
 
 
 7
 In considering the jurisdictional amount requirement the court should look through to the possible award resulting from the desired arbitration, since the petition to compel arbitration is only the initial step in a litigation which seeks as its goal a judgment affirming the award. See 42 Harv.L.Rev. 801. The right to arbitration given by the state statute is not just a procedural substitute for a trial but a substantive right.[7]
 
 
 8
 The appellant also contends that, even if a proceeding to compel arbitration is capable of pecuniary estimation, removal in the case at bar was improper, since the petition in the state court did not specify the amount of the award sought. Removability is determined by the allegations of the complaint if it sets up the amount in controversy, and, if it does not, the court may look to the petition for removal.[8] The petition for removal alleged that more than $3,000 was involved, and the affidavits in opposition to the motion to remand furnish ample support for the finding quoted in note 6, supra. Denial of the motion to remand was correct.
 
 
 9
 Turning to consideration of the order which denied the appellant's motion to proceed to arbitration, the parties are agreed that correctness of the order is to be determined according to the applicable statutes and case law of the state of New York. Judge Inch's decision is set out in the margin.[9] We think the cases cited by Judge Inch support his conclusion that the issue alleged by the petition is not an arbitrable issue under the agreement.
 
 
 10
 The collective bargaining agreement made in 1954 and effective to January 27, 1957 covers employees in the employer's Staten Island factory. Article III of the agreement entitled 'Wages' provides the 'the Employer shall continue its policy of paying wages that match the wages paid by leading companies in the community for similar types of work determined by wage surveys, conducted in the manner herein set forth.' It then provides that 'the Employer shall determine the average base rates in the community' by making surveys every six months of base rates paid by employers in other companies for comparable work. The Employer's rate is then compared with the average of the five highest rates 'in the companies used in the wage survey.' 'The companies now used shall not be changed except after consultation with the Union.' If requested by the Union a survey shall be made not more frequently than once every three months. 'The results of such survey shall be furnished to the Union or its Executive Committee upon request, and wages may be readjusted after conference with the Union or its Executive Committee subject to the approval of the proper governmental authority if necessary.' Article XI of the agreement sets up a Grievance Procedure. Paragraph 1, Step 4, provides:
 
 
 11
 'In the event that a grievance having to do with the interpretation or application of any provision of this agreement is not settled in the previous steps, such a grievance may be submitted to a Board of Arbitration.'
 
 Paragraph 5 provides:
 
 12
 'The arbitrators shall confine their consideration to the issue or issues submitted in writing by the Employer and the United before the Board of Arbitration convenes, and shall neither add to nor subtract from the written provisions of this agreement in reaching their decision.'
 
 
 13
 The petition alleged that the petitioner, in accordance with the Grievance Procedure, submitted a grievance, alleging that the employees represented by the Union 'had been deprived of wage increases due to the refusal of' the respondent 'to substitute a Wage Survey Company, as requested.' Relying upon the provision, already quoted, that 'The companies now used shall not be changed except after consultation with the Union,' the respondent answered that 'the petition did not require the submission of the above grievance to arbitration.'
 
 
 14
 We agree that the agreement did not provide for arbitration of the alleged grievance. As appears from the affidavits submitted in opposition to the motion for an order to compel arbitration, without denial in the supporting affidavits, the provision that 'the companies now used shall not be changed except after consultation with the Union,' was inserted at the request of the Union (58a) in 1947. It also appears that the construction placed upon the agreement by the conduct of the parties in subsequent years shows that a change of survey companies has always been a subject for collective bargaining, not a matter for arbitration. This uniform practical construction reinforces the plain words of the agreement. Moreover, the agreement sets up no standards by which the arbitrators could select a company to be substituted for one of those 'now used.' In order to obtain the consent of other companies to submit wage surveys, The Procter & Gamble Mfg. Co. must work out an arrangement with such companies for a continuing exchange of wage data and job information. Such information is confidential. Although the Union knows and has agreed to the names of the companies to be surveyed, the wage data disclosed to the Union is identified only by code number. For these reasons alone it is apparent that the parties to the agreement could not have intended the arbitrators to perform the delicate task of selecting an appropriate wage survey company to be substituted for one agreed upon by the parties to the agreement.
 
 
 15
 In International Ass'n of Machinists, Dist. No. 15 v. Cutler-Hammer, Inc., 271 App.Div. 917, 67 N.Y.S.2d 317, at page 318, affirmed 297 N.Y. 519, 74 N.E.2d 464, the Appellate Division said:
 
 
 16
 'The clause of the agreement that 'the Company agrees to meet with the Union early in July 1946 to discuss payment of a bonus for the first six months of 1946' can only mean what it says, that the parties will discuss the subject. While the contract provides for arbitration of disputes as to the 'meaning, performance, non-performance or application' of its provisions, the mere assertion by a party of a meaning of a provision which is clearly contrary to the plain meaning of the words cannot make an arbitrable issue. It is for the Court to determine whether the contract contains a provision for arbitration of the dispute tendered, and in the exercise of that jurisdiction the Court must determine whether there is such a dispute. If the meaning of the provision of the contract sought to be arbitrated is beyond dispute, there cannot be anything to arbitrate and the contract cannot be said to provide for arbitration.'
 
 
 17
 Similarly, in General Electric Co. v. United Electrical Radio & Machine Workers of America, 300 N.Y. 262, at page 264, 90 N.E.2d 181, at page 182, the claim of arbitration was rejected, the court saying:
 
 
 18
 '* * * Whether or not a bona fide dispute exists is a question of law, Wenger & Co. v. Propper Silk Hosiery Mills, 239 N.Y. 199, 202-203, 146 N.E. 203. If there is no real ground of claim, the court may refuse to allow arbitration, although the alleged dispute may fall within the literal language of the arbitration agreement. Such is the situation here.'
 
 
 19
 We regard these decisions as precisely applicable to the case at bar.
 
 
 20
 Orders affirmed.
 
 
 
 [1]
 Rule 73(a), F.R.Civ.P. 28 U.S.C.A. requires an appeal to be taken within 30 days
 
 
 [2]
 Bender v. Pennsylvania Company, 148 U.S. 502, 13 S.Ct. 640, 37 L.Ed. 537
 
 
 [3]
 Wynn v. Reconstruction Finance Corp., 9 Cir., 212 F.2d 953, 957
 
 
 [4]
 Cf. Krauss Bros. Lumber Co. v. Louis Bossert & Sons, 2 Cir., 62 F.2d 1004; In re Canadian Gulf Line, 2 Cir., 98 F.2d 711, 713, relating to appeals from orders directing arbitration under the United States Arbitration Act, 9 U.S.C.A. § 1 et seq
 
 
 [5]
 See 28 U.S.C.A. §§ 1332, 1441
 
 
 [6]
 'Motion to remand this case to the Supreme Court of the State of New York, County of Richmond. It appears from all the papers that, as actual facts, there is a diversity of citizenship and the matter in controversy exceeds the sum or value of three thousand dollars ($3,000.00), exclusive of interest and costs. Therefore, this motion is denied in all respects (Marchant v. Mead-Morrison Mfg. Co., 2 Cir., 29 F.2d 40; Crockett v. Overfield (D.C.) D.Idaho, 22 F.Supp. 915, 916; Daland v. Hewitt Soap Co., Inc., (D.C.) S.D.N.Y., 27 F.Supp. 482, 483. Settle Order.'
 
 
 [7]
 In Bernhardt v. Polygraphic Company, 350 U.S. 198, 202, 76 S.Ct. 273, 276, 100 L.Ed. 199, the court disagreed with the conclusion that arbitration is merely a form of trial like a reference to a master or an advisory trial, and said: 'We deal here with a right to recover that owes its existence to one of the States, not to the United States. * * * The federal court therefore may not 'substantially affect the enforcement of the right as given by the State."
 
 
 [8]
 Crockett v. Overfield, D.C.D.Idaho, 22 F.Supp. 915, 916; Daland v. Hewitt Soap Co., D.C.S.D.N.Y., 27 F.Supp. 482, 483; Seber v. Spring Oil Co., D.C.N.D.Okl., 33 F.Supp. 805, 807. Injunction proceedings (e.g., M & M Transp. Co. v. City of New York, 2 Cir., 186 F.2d 157, 158) and declaratory judgment proceedings where no sum is demanded in the complaint (e.g., Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665; Ballard v. Mutual Life Ins. Co., 5 Cir., 109 F.2d 388, 389) are useful analogies
 
 
 [9]
 'Motion by Petitioner for an order compelling respondent to proceed to arbitration under the agreement between the parties. The issue alleged by petition is not an arbitrable issue under said agreement, therefore, this motion is denied in all respects, Bernhardt v. Polygraphic Co. of America, 350 U.S. 198 (76 S.Ct. 273, 100 L.Ed. 199); International Ass'n of Machinists (Dist. No. 15) v. Cutler-Hammer, Inc., 271 App.Div. 917 (67 N.Y.S.2d 317), affirmed 297 N.Y. 519 (74 N.E.2d 464); General Electric Co. v. United El. R. & M. Workers, 300 N.Y. 262 (90 N.E.2d 181); Alpert v. Administration Knitwear Co., 304 N.Y. 1 (105 N.E.2d 561). Settle Order, July 9, 1956.'