— In a proceeding pursuant to sections 1450 and 1452 of the Civil Practice Act, the appeal is from an order directing arbitration in accordance with the terms of a contract between the parties, and appointing an arbitrator. Order reversed on the law and the facts, with $10 costs and disbursements, and petition dis *1012 missed, without costs, and without prejudice to a new application upon a proper petition. The findings of fact implicit in the determination of the Special Term insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The contract provided for unification of the activities of the parties, each of which is a religious corporation, consolidation of their property holdings, and control of the activities of both organizations. Respondent was to have a 50% “vote control” and a 50% representation on the “Board of Directors” of appellant, and the right through a representative to countersign checks or other instruments affecting a withdrawal of funds of “the Center”. All disagreements were to be resolved by arbitration. We assume that it was intended, in referring in the contract to the “ Board of Directors ” of appellant, to refer to appellant’s board of trustees, since there is no provision in the agreement for the election of a board of directors of that corporation, and such election and the provisions of the agreement with respect to control of funds to be exercised by a board of “ Directors ”, if it was intended thereby to refer to an independent body, separate and apart from appellant’s trustees, would appear to conflict with the provisions of section 5 of the Religious Corporations Law. The petition to compel arbitration was made by one Max Rosen, who did not state therein that he was acting for respondent or had been authorized so to act by its board of trustees, but did allege that he had demanded arbitration of disputes that had arisen because appellant had usurped the functions and refused to recognize the rights of respondent, in that a meeting of a board of directors was held at which the presiding officers declared as passed certain proposed amendments, in spite of the fact that respondent’s representatives east their votes against them. Such amendments are claimed to be violative of the agreement in that one seeks to increase the number of the members of the board of “Directors”, and the other has eliminated the necessity for countersignature by a representative of respondent with respect to withdrawal of funds. It is not alleged that respondent has been deprived of its proportionate representation on such board of “ Directors ”, or that any funds have been diverted to an improper purpose, or that any demand has been made for relief or redress, which has been refused. Since appellant admits that resolutions were passed increasing the number of trustees and eliminating the necessity for countersignature, it does not appear that there is any dispute as to the facts or that any dispute presently exists which is arbitrable. The petition does not state, nor can we determine, in what manner respondent’s rights have been violated by the adoption of resolutions over the objection of its representatives (see Religious Corporations Law, § 198). Such being the case, it was not sufficient to establish a refusal by appellant to arbitrate, or a right to compel arbitration (cf. Matter of General Elec. Co. [United Elec. Radio & Mach. Workers], 300 N. Y. 262). If it be assumed however that a dispute has been shown which would require. arbitration, if respondent should so decide, it is our opinion nevertheless that, since Rosen’s authority was disputed by appellant, arbitration should not have been directed without a determination of that question. Appellant was under no duty to comply with a demand for arbitration made by Rosen, and not on behalf of the corporation which is a party to the agreement to arbitrate. Respondent is a religious corporation, and its property is in the custody and control of its board of trustees (Religious Corporations Law, § 5). Neither its trustees nor its other officers have separate individual authority to bind the corporation. Collective action as a board is necessary (People’s Bank v. St. Anthony’s R. C. Church, 109 N. Y. 512, 522; cf. Bartlett v. Zion Baptist Church of Port Chester, 280 App. Div. 798). The record does not disclose that Rosen was authorized by the trustees of respondent either to demand arbitration, or to commence *1013 legal proceedings to enforce it. Consequently, it should not have been determined, without proof of such authority, that appellant had refused to perform its contract to arbitrate (Civ. Prac. Act, § 1450). We do not consider Matter of Paloma Frocks (Shamokin Sportswear Corp.) (3 N Y 2d 572) authority to the contrary. The determination in that proceeding involved the authority of the president of a business corporation, and not that of an officer of a religious corporation whose authority is at most that of a special, and not a general, agent (People’s Bank v. St. Anthony’s R. C. Church, supra). We have not passed upon the legality of the contract pleaded, nor can we determine that question on the record presented. If a new petition is to be presented, it should clearly state the nature of the dispute between the parties and the relief to which respondent claims to be entitled, and should disclose the authority under which the proceeding is commenced.
Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld JJ., coneur.