William O. Hecht, Jr., J.
The motion to stay arbitration and the cross motion to compel arbitration present for determination identical questions, namely, whether the issues sought to be arbitrated under respondent’s amended demand, dated March 24, 1960, are properly arbitrable.
The agreement of November 18,1948, provides for arbitration of ‘ ‘ any differences which may arise between the parties to this agreement ”. Respondent is, therefore, entitled to arbitrate all controversies arising out of the agreement, except those which do not present bona fide disputes, because petitioner’s contentions are clearly contrary to the unambiguous language of the agreement (Matter of General Elec. Co., 300 N. Y. 262, 264; Matter of International Assn. of Machinists [Cutler-Hammer, Inc.], 271 App. Div. 917, affd. 297 N. Y. 519). Paragraph 5 of the agreement provides that the balance sheet prepared by the corporation’s certified public accountant “ shall be prepared in accordance with the standard accounting practice for corporations engaged in the same or similar business ”, with, a specified exception relating to work uncompleted as of the last day of the month in which book value is required to be determined. A judgment upon an award in a prior arbitration between the parties has directed petitioner to furnish a statement certified by the accountant as representing his unqualified opinion, which statement is to be “ in accordance with paragraph five (5) of the above-mentioned contract”. Respondent’s claim that neither the January 7,1960 statement nor the February 29, 1960 statement complies with the award or the contract, because neither is in accordance with standard accounting practice, is clearly arbitrable. Petitioner argues that the rendition of the February 29, 1960 statement makes it unnecessary to consider *1049 whether the January 7 statement complies with the award and the contract. This is not necessarily so. In the event that the arbitrators should determine that the later statement does not comply with the award and the contract, petitioner might fall back upon the earlier statement. To take care of this possibility, the propriety of both statements should be determined by the arbitrators, as demanded by respondent.
Petitioner contends that the agreement clearly provides that respondent is to have no right to share in profits from work completed after the date as of which book value is to be determined, except for the period antedating that time. The agreement is not so clear and free from doubt on this point as to require a holding that the question is not arbitrable. Although the agreement provides that “ asset value shall not include any pro-rata share of profit on uncompleted work”, it goes on to state that when the work is completed, the 1 ‘ profit or loss * * * shall be determined * * * and appropriate adjustments shall be made in the book value of the stock ”. It is for the arbitrators to decide whether this language or accounting principles require a determination that, on completion of the work, respondent shall receive only a share in the profit up to the date as of which book value is to be determined or a share in the entire profit from the contract.
Petitioner also contends that respondent’s claim to interest is not arbitrable. This would be so if the agreement expressly provided that no interest was to be payable. The agreement, however, contains no such provision, and the interest claim is, therefore, arbitrable.
The demand for an audit by an independent certified accounting is contrary to the express terms of the contract pursuant to which arbitration is sought.
The demand that petitioner furnish an itemized statement in connection with the jobs completed after the date as of which book value is to be determined is arbitrable. The agreement is silent on the subject. It is for the arbitrators to decide whether respondent is entitled to such a statement in order to be able to verify whether the accountant’s balance sheet has been prepared in accordance with standard accounting practice and the provisions of the agreement.
Item 3 of the amended demand is improper, except as to the question of interest, since it seeks a determination by the arbitrators as to the book value of respondent’s stock. The agreement provides the fixation of book value to be made by the corporation’s certified accountant in accordance with standard accounting practice and the provisions of the agreement.
*1050 The cross motion is granted to the extent of directing arbitration (1) as to whether the statements of January 7 and February 29 comply with the previous award, and (2) as to whether petitioner should be required to furnish that itemized statement requested under Item 2 of the amended demand, and (3) as to whether interest is payable; and otherwise denied.
Petitioner’s motion is denied insofar as it seeks to stay arbitration of said matters, and granted in all other respects.