Thomas A. Aurelio, J.
Respondent Bank, on January 21, 1960, served upon petitioners a written demand for arbitration of the following dispute: “ On or about January 9, 1960 I was wrongfully and without cause discharged from my employment. As a result of this illegal act on your part, I have suffered damages of $250,000 for which I hold you, and each of you, jointly and severally liable.”
By this application the individual petitioners seek to stay the arbitration of the agreement herein, as to them, and the corporate petitioners seek to stay arbitration of a so-called deferred compensation agreement.
The contract here involved, dated August 15, 1958, was entered into between H. D. Baskind & Co., Inc., a New York corporation with its principal office at 358 Fifth Avenue, New York 1, N. Y. (hereinafter referred to as “ Baskind ”); Meyers-dale Manufacturing Inc., a Pennsylvania corporation with its principal office at Meyersdale, Pa. (hereinafter referred to as “Meyersdale”); Brewton Manufacturing Inc., a New York corporation with its principal office at Brewton, Ala. (hereinafter referred to as “ Brewton ”); Herman D. Baskind, residing at Bellevue Avenue, Rye, N. Y. (hereinafter referred to as “ Herman ”), and William J. Bank, residing at Lynchburg, Va. (hereinafter referred to as “ Bank ”). Subjoined to the agreement there is a consent signed by the individual petitioners, stockholders of the corporate petitioners, waiving their preemptive rights in favor of Bank’s stock options set forth in the employment agreement, and “ did covenant and agree to do all that said Herman D. Baskind did covenant and agree ”. That part of the employment agreement which has to do with the employment of respondent Bank provides:
“I. Baskind, Meyersdale and Brewton (corporate petitioners) hereby .employ Bank as General Manager in charge of manufacturing ’ ’;
“II. Bank agrees that he will serve Bambrew (corporate petitioners) under the direction of their respective Boards of Directors, diligently, competently and to the best of his ability ’ ’;
“III. 1 (Corporate petitioners) agree ’ during the term of this agreement to pay Bank a basic annual salary of $25,000 ”.
It should be noted the employment is by the corporate petitioners only. The contract contains various other provisions *778 for payments and other undertakings to Bank, all by, however, the corporate petitioners. There is no provision in the contract binding the individual petitioners to employ Bank or to pay him a salary.
Respondent contends:
“ The seventh Whereas clause of the employment agreement sets forth two commitments on the part of the individual petitioners. First they agreed to waive their pre-emptive stock rights; and second, they entered into a separate and distinct commitment of guaranty pursuant to which they stated that they * * * ‘ agree and consent to all of the terms and conditions of this agreement ’ ’ ’.
This Whereas clause reads as follows:
11 WHEREAS, Herman and the parties executing the consent and waiver of pre-emptive rights attached hereto as ‘ Exhibit A ’ are all of the stockholders of Basldnd, Meyersdale and Brewton and agree and consent to all of the terms and provisions of this agreement and waive their pre-emptive rights as to any and all stock issued to Bank pursuant to the terms and provisions hereof, as evidenced by their execution of the respective instruments to which they are parties ”.
Reading the agreement as a whole it 'becomes apparent that the signing of the agreement by Herman D. Baskind, individually, and the language 1 ‘ agree and consent to all of the terms and provisions of this agreement ”, contained in the Whereas clause, refers to certain other provisions of the agreement having to do with matters other than the employment of respondent by the corporate petitioners and that it is not thereby intended to obligate the individual petitioners as employers. A dispute as to the cause of dismissal, no doubt there is. But not with the individual petitioners. There is nothing to arbitrate under the present demand for arbitration as far as the individual petitioners are concerned. ‘ ‘ Whether an arbitrable dispute is present is a matter of law to be determined by the court. In that determination the inquiry is whether there is any basis for the claim underlying the asserted dispute. A frivolous claim will not move the court to compel arbitration. (Matter of Wenger & Co. v. Propper Silk Hosiery Mills, 239 N. Y. 199, 202.) A dispute is not arbitrable if it is grounded on an asserted interpretation of the agreement contrary to unambiguous provisions thereof. (Matter of General Elec. Co. [United Elec. Radio & Mach. Workers], 300 N. Y. 262.) ” (McNally, J., in Matter of New York Mirror [Potoker], 5 A D 2d 423, 427.)
Attached to the moving papers there is a so-called ‘ ‘ Deferred Compensation Agreement”, unsigned. Respondent contends:
*779 “before entering the employ of Mr. Baskind I obtained a specific promise from him to give me a Deferred Compensation Agreement similar to the one I had had with my former employer.
* * #
“At all times these negotiations were conducted simultaneously and were considered by all of the parties as part and parcel of the same package.
# * *
‘ ‘ Understanding on both these agreements having been reached, I signed the employment agreement on August 15, 1958, and, at the request of Mr. Basldnd’s attorney (as will be shown below) I deferred executing the Deferred Compensation Agreement for their convenience.”
Arbitration may not be had under this alleged deferred compensation agreement for two reasons: one, it is not signed; and two, it does not contain an arbitration clause. Moreover, the employment contract makes no reference whatever to a deferred compensation agreement.
Accordingly, the motion is granted as prayed for.