capacity and undue influence affecting the execution of the will, an examination in full scope is warranted. The pragmatic rule (*Matter of Frank*, 165 Misc. 411, affd. 253 App. Div. 706) limiting such examinations to a period of three years before the execution of a will and two years after has been found useful in practice; but the rule itself recognized it was made for the "average case" and had its own exceptions under special circumstances. In our view, this case is such an exception. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ In the Matter of the Arbitration between FILM PRODUCERS ASSOCIATION OF NEW YORK, INC., Appellant, and CHARLES H. WASSERMAN, as President of Screen Directors International Guild, Respondent.— Order, dated April 15, 1960, denying petitioner's motion to stay arbitration and granting respondent's cross motion to compel arbitration unanimously reversed on the law and on the facts, with $20 costs and disbursements to petitioner-appellant, and the motion of petitioner-appellant to stay arbitration granted, with $10 costs, and the cross motion of petitioner-respondent to compel arbitration is denied. The respondent contends that the letter of February 25, 1960, to the American Arbitration Association constitutes the demand for arbitration and that it refers to revision of salary rates only. The letter points out that, more than 60 days prior to March 5, 1960, the Guild had made written request for the "reopening of negotiations for the revision of salary rates"; that negotiations were unsuccessful and the issue of revision is submitted to the Association. The written request referred to "Demands for Revised Wage Scales" dated January 26, 1960, addressed to the appellant. The "Demands" were annexed also as Exhibit 5, to the affidavit of the executive secretary of respondent, filed in support of the cross motion to compel arbitration. Examination of Exhibit 5 reveals that substantially more than revision of salary rates is involved, and some of the demands lack specificity. The appellant is entitled to a list of specific demands within the language of the contract. From the demands listed they clearly exceed the scope of the arbitration provision and, by the language of the contract, are not arbitrable. (*Matter of General Elec. Co.* [*United Elec. Radio & Mach. Workers of Amer.*], 300 N. Y. 262; *Matter of New York Mirror* [*Potoker*], 5 A D 2d 423.) Concur — Botein, P. J., Breitel, McNally and Stevens, JJ.

■ In the Matter of ROBERT B. BLAIKIE.— Motion by Roosevelt Raceway, Inc., granted insofar as to permit it to intervene as a party respondent. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.

■ In the Matter of ROBERT B. BLAIKIE.— Motion by Yonkers Raceway, Inc., granted insofar as to permit it to intervene as a party respondent. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.

## (July 6, 1960)

■ GERALD BELFERT, Appellant, v. PEOPLES PLANNING CORPORATION OF AMERICA, Respondent.— Order dated January 18, 1960, granting motion of defendant to strike out supplemental reply and granting judgment dismissing the first cause of action, affirmed, with $20 costs and disbursements to the respondent. The oral options exercisable by the appellant alone constitute the contract one not performable within a year. (*Harris* v. *Home Ind. Co.*, 6 A D 2d 861; *Supplee* v. *Hallanan*, 14 Misc 2d 658, affd. 8 A D 2d 708, motion for leave to appeal denied 8 A D 2d 794, and 7 N Y 2d 705.) A contract not performable within a year is unenforcible unless in writing and signed by the party to be charged. Concur — Botein, P. J., Rabin, McNally and Bastow, JJ.; Valente, J.,