Samuel Rabin, J.
This is a renewed application by the petitioner to compel arbitration of alleged controversies claimed to have arisen between the parties in relation to the conduct of a corporate business in accordance with a stockholders’ agreement between the parties dated September 30, 3957.
By an order of this court dated June 30, 3960, petitioner’s prior application for similar relief was denied without prejudice *123 to renewal on proper papers showing the existence of an arbitrable controversy. (N. Y. L. J., June 14, 1960, p. 15, col. 1 [Supreme Ct., Spec. Term, Queens County, per Shapiro, J.].)
By letter dated May 2, 1960, the attorney for the petitioner wrote the respondent that his client had brought to his attention that respondent has ‘ ‘ consistently and persistently refused and failed ’ ’ to pay his share of the carrying charges of the leased premises of the corporation and that, in response to petitioner’s request that respondent contribute 50% of the net balances due to pay the New York City real estate tax and other charges covering the operation of the corporate property, respondent employed violent and abusive language. Said letter also contained a notice that unless respondent’s proportionate share of the carrying charges is paid to the corporation and notice thereof given to the petitioner as president thereof within three days from the date of the letter, proceedings to dispossess the respondent and his corporation would forthwith be commenced. The letter also stated that the attorney’s client demanded arbitration of the differences between the parties and respondent’s alleged “ failure and refusal to carry out the terms and conditions of the agreements and obligations entered into,” in regard to the corporation and that his client designated him as his arbitrator and that respondent was allotted five days from the receipt of the letter to notify the attorney of respondent’s designated arbitrator. To this letter the respondent replied on May 6,1960, pointing out that the attorney was disqualified from acting as an arbitrator on behalf of the petitioner, that the letter did not constitute a formal demand by petitioner to arbitrate, and that there was nothing in the letter to indicate the existence of any dispute between the parties as to any matter concerning which petitioner was entitled to demand arbitration. The letter concluded “ If I am properly and duly advised by Mr. Karpinecz of the particular matters which he claims are in dispute between us, and of which arbitration may be properly and lawfully demanded of me, I will appoint a proper and suitable arbitrator to act on my behalf.”
No one is under duty to resort to arbitration unless by clear language he has so agreed. (Matter of Lehman v. Ostrovsky, 264 N. Y. 130, 132.) “A provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract is now enforcible. The contract; however, must be to arbitrate the precise matter as to which arbitration is sought. Upon this depends both the jurisdiction of the arbitrator and the power of the court.” (Matter of Kelley, 240 N. Y. 74, 78.)
*124 The court can find no provision in the .stockholders’ agreement between the parties with respect to which there exists a dispute which the respondent has refused to arbitrate in accordance with the letter of petitioner’s attorney referred to above. True, the petition verified June 20, 1960, describes in subdivisions “ (a) ” to “ (h) ” of paragraph 5 thereof alleged controversies between the parties beyond those outlined in the petitioner’s attorney’s letter of May 2, 1960. Examination thereof, in light of the facts contained in the opposing papers to which no reply has been submitted, establishes, however, either that those alleged disputes no longer exist • or are not properly referable to arbitration, e.g., subdivisions “ (b) ” with respect to which petitioner can compel inspection in an article 78 proceeding (see authorities in Matter of Cohen v. Cocoline Prods., 309 N. Y. 119, 123) and “ (h) ” which if true involves charges of violation by respondent of his fiduciary and trust obligations as a corporate director and officer (see Hotcaveg v. Lightman, N. Y. L. J., Oct. 13, 1960, p. 16, col. 6).
Inasmuch as the court can find no bona fide existing dispute between the parties referable to arbitration, which the respondent has refused to arbitrate (see Matter of General Elec. Co. [United Elec. Radio & Mach. Workers], 300 N. Y. 262, 264), the application is denied.
It-may be noted, in connection with the alleged designation by petitioner of his own attorney to serve as his arbitrator that such attorney would be disqualified from so serving just as his client would be. (See Matter of Pisciotta [Newspaper Enterprises], 5 A D 2d 1014; Matter of Cross & Brown Co. [Nelson], 4 A D 2d 501.) Submit order.