■ In the Matter of the Arbitration between Burns Bros. et al., Respondents, and James F. McGuire, as President of Coal, Gasoline, Fuel Oil Teamsters, Chauffeurs, Oil Burner Installation, Maintenance, Servicemen and Helpers of New York City & Vicinity, Local Union No. 553, Affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, et al., Appellants.

Appeal from an order of the Supreme Court at Special Term, entered July 15, 1960, in New York County, which granted a motion by petitioners for an order to compel arbitration.

Memorandum by the Court. Order, entered July 15, 1960, compelling arbitration reversed, on the law, with $20 costs and disbursements to the appellants, and the motion to compel arbitration denied, with $10 costs. The separate collective bargaining contracts between the respondent-appellant union and the petitioners provide for maintenance of seniority lists. The circumstance that petitioner Preferred Oil Company owns more than 90% of the stock of petitioner Burns Bros. does not serve to unite or so relate the respective collective agreements and permit arbitration of the tendered issue of integration of the seniority lists of both petitioners. Renegotiation may not be effected by the device of arbitration.

Rabin, J. (dissenting). The petitioners — fuel oil distributors — entered into separate collective bargaining agreements with the union representing their truck chauffeurs. The agreements were identical and contained a provision that "depot seniority shall prevail" as well as other specific seniority conditions. By virtue of the interlocking control of the petitioner corporations they operated in many respects on a common interest basis. In furtherance of this type of operation the petitioners sought the union's consent to an integration of their respective seniority lists to enable them to avoid what they deemed to be duplication and waste. Upon the failure of the union to give its consent to such an arrangement the petitioners demanded arbitration, each agreement containing a broad arbitration clause which provided in pertinent part as follows: "Section 14: Should any difference or dispute arise during the life of this agreement regarding the meaning, interpretation, or application of any of the provisions of this agreement, or regarding any other grievance which may arise between the parties * * * the same is to be submitted to arbitration." The petitioners contend that the collective bargaining agreements permit the integration of the seniority lists. The union, however, takes the position that the agreements prohibit such integration. Thus we have a dispute between the parties regarding "the meaning, interpretation or application" of one of the provisions of the agreement. Where there is a clear agreement to arbitrate as to interpretation the courts may bar such arbitration only where the "meaning of the provision of the contract sought to be arbitrated is beyond dispute" (*Matter of International Assn. of Machinists* [*Cutler-Hammer*], 271 App. Div. 917, 918, affd. 297 N. Y. 519). Applying this test to the subject matter here sought to be arbitrated can it be said it "is beyond dispute" that the agreements prohibit the integration of seniority lists? I think not. If the agreement made with each company contained a provision that the company maintain a separate seniority list then there would be no arbitrable issue and a refusal to compel arbitration would be proper. Or, if it appeared from the face of the agreement that integrating seniority lists would be clearly violative of the obligation to maintain "depot

seniority " then too perhaps arbitration should be refused. However, the agreements contain no provision for a separate list and it does not clearly appear from the agreements that integrating the seniority lists would be violative of their terms. The majority adopts the view of the union that the petitioners are seeking to renegotiate a contract already made. This view implies that a change is sought to be made in the agreement as presently written. The petitioners insist that they are not attempting to renegotiate the contract. They urge, as we have indicated, that the contract as written permits the integration of the lists. The seniority clauses of the agreements do not by their express language dispose of the point in issue. Who is to decide which of the parties interprets the contract correctly? Who determines whether integration of the seniority lists would constitute an improper application of the contract provisions? The language of the agreement not being decisive on that point it is for the arbitrators, the forum selected by the parties, and not the court, to interpret the contract and decide whether the provisions are sought to be properly applied. Nor is it of any consequence that the petitioners seek a joint arbitration. It would serve no useful purpose to have two separate arbitration proceedings to determine an identical issue between the union on one hand and parties joined in interest on the other. Accordingly, I dissent and vote to affirm.

Botein, P. J., Breitel, Valente and McNally, JJ., concur in Memorandum by the Court; Rabin, J., dissents and votes to affirm in opinion.

Order reversed, etc.