Irving L. Levey, J.
Petitioner, Bosenthal-Porzellan Aktiengesellsehaft (herein called “Bosenthal”) seeks to stay the arbitration of six conterclaims urged by respondents in the pending arbitration proceeding heretofore initiated both by petitioner, Bosenthal, and its wholly owned subsidiaries.
Bosenthal, a German corporation, is engaged in the manufacture of porcelain ware, including the well-known ‘ ‘ Bosenthal China ”. Commencing in 1951 Bosenthal, sometimes acting alone and on other occasions with its subsidiaries, entered into a series of agreements with its American distributor, Steel-masters, Inc., and J. & I. Block (hereinafter collectively designated as “Block”) and with the American design and merchandise specialists, Baymond Loewy Associates, (hereinafter designated “Loewy”).
In one such agreement, dated February 7, 1952, Bosenthal appointed Block, Loewy and itself jointly, “ its sole and exclusive agents and distributors for its products to be sold within the United States ”, and provided further that “ any controversy or claim arising out of or relating to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration Association ”.
Shortly thereafter, the newly organized Bosenthal Block China Corporation (herein designated BBCC) was sublicensed to sell and distribute ‘ ‘ Bosenthal and other chinaware in the United States ”.
As a result of a controversy arising among the parties, Bosenthal served a demand for arbitration on Block by notice, dated January 22, 1960; and simultaneously the Bosenthal subsidiaries initiated arbitration proceedings against Block, Loewy and BBCC.
The respondents, BBCC, moved to stay the arbitration, and by order of Mr. Justice Loreto two of Bosenthal’s three claims were stayed (25 Misc 2d 132 [citing at p. 139 United Steelworkers v. American Mfg. Co., 363 U. S. 564], affd. 11 A D 2d 981).
On August 1, 1960 respondents served a consolidated answer to the arbitration demands of Bosenthal and its subsidiaries, containing seven counterclaims. Bosenthal now moves to stay arbitration of all but one of these counterclaims alleging that they are “ baseless * * * frivolous, groundless and false.”
The specific counterclaims advanced by the respondents involve (a) “John Haviland trade-mark”; (b) non-China *318 products; (e) price increase; (d) rejection of designs; (e) sales of restricted decorations; and (f) accounting.
As recently stated by the Court of Appeals in Matter of Exercycle Corp. (Maratta) (9 N Y 2d 329, 334, 335), “It has long been this State’s policy that, where parties enter into an agreement and, in one of its provisions, promise that any dispute arising out of or in connection with it shall be settled by arbitration, any controversy which arises between them and is within the compass of the provision must go to arbitration. (Civ. Prac. Act, § 1448; see, e.g., Matter of Kelley, 240 N. Y. 74, 79; Matter of Marchant v. Mead-Morrison Mfg. Co., 252 N. Y. 284, 298; Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76; Matter of Terminal Auxiliar Maritima [Winkler], 6 N Y 2d 294.) ” As the court wrote in Matter of Marchant (252 N. Y., at p. 298), “ ‘ Parties to a contract may agree, if they will, that any and all controversies growing out of it in any way shall be submitted to arbitration. If they do, the courts of New York will give effect to their intention. ’ * * * As exceptions to this general policy, however, we have held that a court will enjoin arbitration * ® * where there is no ‘ bonafide dispute ’ between the parties, that is, where the asserted claim is frivolous (see Alpert v. Admiration Knitwear Co., 304 N. Y. 1, 6; Matter of General Elec. Co. [United Elec. Radio & Mach. Workers], 300 N. Y. 262; Matter of International Assn, of Machnists [Cutler-Hammer], 297 N. Y. 519; Matter of Wenger & Co. v. Propper Silk Hosiery Mills, 239 N. Y. 199) ’’
After an examination of all of the documents, agreements, memoranda and affidavits submitted, and upon consideration of the detailed oral arguments, the court has come to the conclusion that the counterclaims are neither frivolous, baseless, false nor groundless. On the contrary, with due regard for the provisions of the agreements involved, arbitrable issues appear to be clearly and reasonably raised.
Accordingly, the motion for a stay of arbitration of the afore-mentioned counterclaims is denied.