**CENTRAL AVIATION & MARINE CORPORATION, Petitioner-Appellee,**

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) AFL–CIO and its Local 365, Respondent-Appellant.**

No. 374, Docket 28128.

United States Court of Appeals Second Circuit.

Argued June 4, 1963.

Decided June 24, 1963.

Jerome S. Rubenstein, of Rubenstein, Droisen & Rubenstein, New York City (Benjamin Rubenstein and Richard E. Miller, of Rubenstein, Droisen & Rubenstein, New York City, on the brief), for respondent-appellant.

Peter F. Hunt, New York City (Frederic A. Johnson, New York City, on the brief), for petitioner-appellee.

Before LUMBARD, Chief Judge, CLARK, Circuit Judge, and BARTELS, District Judge.

PER CURIAM.

Central Aviation & Marine Corporation, the petitioner-employer here, made an application to the Supreme Court of New York for a stay of arbitration pending trial of the issue of the existence of an agreement to arbitrate. The respondent Union removed this proceeding to the court below, and then by cross-petition sought an order compelling arbitration of the matters in dispute between the parties. After a hearing Judge Bruchhausen held that no collective bargaining contract compelling arbitration existed and directed that the Union's motion for the granting of its cross-petition be denied. The Union appeals from this order. Unfortunately it is ambiguous, since it does not state the disposition of the original application. But the declaration that no contract exists is so definite that no further adjudication of the rights of the parties is needed or useful, and we are disposed to accept the order as final. Davenport v. Procter & Gamble

Mfg. Co., 2 Cir., 241 F.2d 511, 513, 63 A.L.R.2d 1350.

On the merits it appears that the collective bargaining negotiations between the parties resulted in an instrument initialed on August 8, 1962, by Riley, the employer's negotiator, which covered what the Union terms the "non-economic" issues between them, not including, however, issues involving wages. But this left open important questions, such as whether any agreement had been reached by the parties, whether Riley had authority to bind the employer, and whether enough was agreed on to make the provisions for compulsory arbitration applicable. The court took no oral testimony and considered only the parties' affidavits. Hence on these issues we have only the assertions and counterassertions of the parties. We do not believe this litigation can be so summarily settled. See Local Union No. 998, etc. v. B. & T. Metals Co., 6 Cir., 315 F.2d 432, 436. Accordingly we reverse the order below and remand the action for the taking of oral testimony and the filing of appropriate findings and decision thereafter.

Reversed and remanded.