In the Matter of the Arbitration between LAWRENCE ESSENSON, Respondent, and UPPER QUEENS MEDICAL GROUP, Appellant.

Argued March 3, 1954; decided May 20, 1954.

*Abraham M. Silverman* for appellant. I. No bona fide issue for arbitration has been tendered, and, as a matter of law, arbitration must be denied. (*Matter of International Assn. of Machinists* [*Cutler-Hammer, Inc.*], 271 App. Div. 917, 297 N. Y.

519; *Matter of Kosoff* [" *Jones* "], 276 App. Div. 621; *Matter of General Elec. Co.* [*United Elec. Radio & Mach. Workers*], 300 N. Y. 262; *Alpert* v. *Admiration Knitwear Co.*, 304 N. Y. 1; *Matter of Minkin* [*Halperin*], 279 App. Div. 226.) II. Paragraph Fifteenth of the agreement, having been fully complied with by the group, the vote of expulsion is final and binding.

*Sidney Advocate* and *E. Edan Spencer* for respondent. Substantial issues were raised in the proceedings held before the courts below. (*Matter of Lipman* [*Haeuser Shellac Co.*], 263 App. Div. 880, 289 N. Y. 76; *Matter of Zybert* [*Dab*], 276 App. Div. 1070, 301 N. Y. 632; *Matter of Raphael* [*Silberberg*], 274 App. Div. 625.)

VAN VOORHIS, J. The order appealed from affirms an order directing the parties to proceed to arbitration. Appellant contends that there is no arbitrable dispute, and that for this reason the application for arbitration should have been denied. The issue arises over the expulsion of respondent, a physician, from a partnership known as Upper Queens Medical Group, the appellant. Appellant is affiliated with Health Insurance Plan of Greater New York, commonly known as H. I. P. The latter organization was established under legislative act to provide medical services to its subscribers on a prepaid premium basis. H. I. P. serves its subscribers through a number of doctor-partnerships, of which appellant is one. Appellant's articles of copartnership provide that " Any partner may be expelled from the partnership on charges brought by any other partner of any act or omission adversely affecting the partnership. When such expulsion is completed as hereinbelow provided, such partner's rights shall be terminated and he shall have no further interest of any kind in the partnership or the partnership assets, except as herein provided." This language is contained in paragraph FIFTEENTH of the articles, which continues by prescribing the procedure to be followed in the case of proceedings for the expulsion of members, viz., by majority vote of the executive committee followed by a three-quarters vote of the members present at a membership meeting.

The articles of copartnership contain a separate paragraph numbered TWENTY-SECOND which reads: " Should any contro-

versy arise with respect to the interpretation of any of the terms of this agreement or with respect to the rights of any partner pursuant to this agreement, such controversy shall be submitted to arbitration ''.

Detailed charges were preferred against respondent, including that '' As head of the Associated Physicians Medical Group, you have performed acts which are in direct competition with, and contrary to, the interests of the Upper Queens Medical Group in particular and the Health Insurance Plan of Greater New York in general.''

At a meeting of the executive committee it was voted that respondent be expelled, and thereafter this action was confirmed by a three-quarters vote of the membership present at a membership meeting duly called and held. The procedural deficiencies which are alleged by respondent in the conduct of these meetings are without any evidence to support them, and the record indicates, without contradiction except by mere conclusions in an affidavit, that the prescribed procedure was followed.

Respondent Essenson has not substantiated by any evidentiary facts his charge that illegal influence was brought to bear on the membership in voting.

Respondent contends that an arbitrable dispute exists for the reason that appellant adduced no evidence in support of the charges that he was guilty of conduct inimical to the interest of appellant and H. I. P. Respondent contends that charges are not proof, and appellant contends that respondent has not set forth any evidentiary facts either. That requires an analysis of what is actually before the court. The partnership agreement contains an article (FIFTEENTH) which has been quoted previously which provides a procedure for trial and expulsion from membership. That procedure has been followed to the letter, and respondent has been expelled in accordance therewith. He now seeks an arbitration, as an alternative to an article 78 proceeding, to review and overrule the action taken by the executive committee and membership resulting in his expulsion. It is not to be presumed, without proof, that the executive committee and membership of this organization acted without foundation for their charges. If there had been no

arbitration clause in the articles of copartnership, and respondent had resorted to an article 78 proceeding to set aside the action whereby he was expelled, the court would not have assumed that the proceedings were erroneous in the absence of proof that they were. So long as the practice was shown to conform to that required by the agreement, a court would put the petitioner to his proof to show that there was some basis for contending that there were no grounds for his expulsion. Here the question to be arbitrated, if there be any, is not whether respondent should be expelled from Upper Queens Medical Group. It is whether the executive committee and the membership acted contrary to the articles of copartnership in expelling him. He is bound to show, at least prima facie, that there were no grounds for his expulsion, or that the grounds which were adduced were unsubstantiated and that he was expelled in bad faith, or something of that nature. Instead of going forward by producing such evidence, he asks the courts to assume that whatever was done to him was wrong, and accuses the partnership of not meeting his petition for arbitration with a detailed statement of facts showing what he did and that it was inimical to the interests of the partnership. The burden was on him, rather than upon the partnership, to show that there is an arbitrable dispute here. The charges against him on which he was expelled are not limited to talking against H. I. P., but it is charged that he was head of a competing organization. In petitioning for arbitration, he does not even attempt to refute that charge. If substantiated, it would furnish substantial ground for his expulsion from the copartnership irrespective of the other charges.

In view of the omission of respondent to set forth any facts indicating that the grounds for his expulsion were not substantiated, and in the light of the record which shows that the procedure for expulsion provided by the articles of copartnership was pursued, there is no more basis for an arbitrable dispute than was present in *Matter of International Assn. of Machinists (Cutler-Hammer, Inc.)* (271 App. Div. 917, affd. 297 N. Y. 519), *Matter of General Elec. Co. (United Elec. Radio & Mach. Workers)* (300 N. Y. 262), *Alpert v. Admiration Knitwear Co.* (304 N. Y. 1), nor other similar decisions holding that arbi-

tration will not be compelled in order to change contract rights or liabilities.

No decision is made concerning whether, if evidence had been presented indicating that respondent had been expelled without cause or contrary to the procedure prescribed by the articles of copartnership, arbitration would have been the exclusive remedy in place of a special proceeding instituted under article 78 of the Civil Practice Act. Inasmuch as it is held that no arbitrable dispute is presented in any event, the question is not reached whether it would have been such a controversy as is rendered subject to arbitration contract by section 1448 of the Civil Practice Act.

The order of the Appellate Division and that of Special Term should be reversed, and respondent's motion for an order requiring an arbitration should be denied, with costs in all courts.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Orders reversed, etc.