Howard T. Hogan, J.
There are three motions involved on this application. The principal one is brought by Jacob Grazi to permanently stay an arbitration proceeding instituted by Sidney Meltzer, Arthur Rosen and Douglaston Estates, Inc., before the American Arbitration Association. On the other two motions Meltzer, et at., have applied to this court for a stay of two actions brought in the Nassau County District Court, one by Grazi and his assignees against the corporation to recover money loaned, and the second by Grazi alone to recover for services.
It appears that the corporation was formed to manage the construction of one-family private dwellings in a real estate development in Queens County. Originally there were four organizers, the three individuals above-named and one Harold Jacobs.
A contract was made among them (Exhibit A) providing for the filing of an amended certificate of incorporation, the effect of which would be to require unanimous action thereafter by both the directors and the stockholders in all matters wherein they were required to act. The amended certificate was filed subsequently and is now in effect. Exhibit A also requires that all contracts or other corporate obligations be signed by Jacobs or Grazi and Meltzer or Rosen after prior approval by the board of directors.
Jacobs and Grazi were to actively manage the construction project, Meltzer and Rosen were to supply the capital. Later Jacobs dropped out of the corporation and each of the others bought an equal share of his portion, thus retaining an equal proprietory interest. Jacobs also resigned as president and the office has been left vacant although Meltzer as chairman of the board of directors has equal authority with the president under Exhibit A.
The parties, i.e., Grazi on the one hand and Meltzer and Rosen on the other, have come to a parting of the ways and the work of the corporation has come to a standstill. There is a furnished model house, the corporation’s principal asset, which the corporation, acting through Meltzer and Rosen only, have contracted to sell to an outsider, one Guidice, for $27,500.
*132 They claim that prior to the making of the contract Grazi authorized them orally to do so in the informal way in which the affairs of the corporation were customarily conducted. Relying on his assurance, they proceeded to make the contract.
Grazi claims that the agreement to sell the model house violates the agreement for unanimity of action and this is the dispute which Meltzer and Rosen are attempting to submit to arbitration.
Exhibit A contains an agreement to submit to arbitration all disputes with respect to all “rights, obligations, duties and requirements, under and by virtue of the provisions of this Agreement”. Nevertheless, Grazi opposes the submission on a number of grounds, the main one of which is that there is no dispute and that even if there is, it is not justiciable, i.e., it could not be the subject of an action. I think the petitioner is wrong on both counts. He conceives this to be an attempt by arbitration to compel him to exercise his discretion in a particular way. That, of course, may not be done (Matter of Burkin [Katz], 1 N Y 2d 570). Actually, that is not what the petitioners seek.
Here the contention is that he has already exercised his discretion and now seeks to repudiate what he has done. Whether he did so or not is obviously a dispute. And whether his doing so orally, in the face of a prohibition in the contract against oral modification, was legally binding, is also a dispute (Keen v. Sinai, 136 N. Y. S. 2d 427).
The point that arbitration cannot be used to settle a claim to real property is inapplicable to the present controversy. There is no dispute on the title to real property; rather the dispute affects the internal management of the corporation which owns the property.
A more serious objection is made with respect to the right of Meltzer and Rosen to petition for arbitration on behalf of the corporation since eoncededly they do not have the unanimous consent of either the stockholders or the directors. This applies with particular force to the two motions to stay the District Court actions since these involve the corporation as the sole defendant. The effect of this may be to largely vitiate the arbitration clause in Exhibit A, but the purpose of arbitration is not to change the contract which the parties have made (Matter of Essenson [Upper Queens Med. Group], 307 N. Y. 68), nor to substitute the decision of one officer for the whole board of directors, especially when he knows they do not agree with him (Matter of Paloma Frocks [Shamokin], 1 A D 2d 640).
*133 On the other hand, on the motion made by Grazi, although the corporation has also been made a party, the dispute is between the individuals and it would still remain, whether the corporation is retained as a party or not.
Therefore, all three motions are denied. Settle separate orders.