Samuel H. Hofstadter, J.
The petitioner, a labor union, moves for arbitration of an asserted dispute under a collective bargaining agreement between it and the respondent employer. The controversy springs from the permanent shutdown by the employer, for business reasons, of its plant at Middletown, N .Y., and the resultant unemployment of those formerly working at the plant. There is no claim that the employer was not within its full rights in closing the plant.
The arbitration clause of the collective bargaining agreement provides: ‘ ‘ Any dispute regarding the true meaning and
interpretation of any provision of this agreement shall be arbitrated in the manner herein provided.”
The petition does not formulate the specific dispute, but the papers disclose that it concerns the claimed right of the former employees to severance pay and to pensions. The collective *181 bargaining agreement provides for the establishment of a pension fund, which has been set up pursuant to a formal agreement executed by the union and the employer. It is not contended that the employer has not met fully its commitments under this Union Pension and Retirement Agreement.
It is now well settled that unless the particular dispute is arbitrable under the agreement calling for arbitration, there is no duty to arbitrate, and that the arbitrability of the dispute is a question of law for the determination of the court (Matter of International Assn. of Machinists [Cutler-Hammer, Inc.], 271 App. Div. 917, affd. 297 N. Y. 519; Matter of General Elec. Co. [United Elec. Radio & Mach. Workers of America, CIO], 300 N. Y. 262; Matter of New York Mirror [Potoker], 5 A D 2d 423; Matter of Miller Art Co [Firestone], 4 A D 2d 1032). Nor does the mere assertion of a dispute, unsupported by facts, establish the existence of a genuine arbitrable issue (Matter of Essenson [Upper Queens Medical Group], 307 N. Y. 68). There must be a bona fide dispute grounded on the agreement.
Application of the foregoing principles to this case leads to the conclusion that no such dispute exists here. The collective agreement is silent on severance pay and pension rights are governed by the Union Pension and Retirement Agreement. As stated, there is no claim that the employer has not fully performed its obligations under the latter. The petitioner’s stress on the employer’s refusal to bargain or negotiate in the circumstances is a tacit admission that the dispute is not within the ambit of the arbitration clause. The situation is strikingly similar to that in Matter of General Warehousemen’s Union (Glidden Co., Durkee Famous Foods Division) (10 Misc 2d 700, 705) where the arbitration sought by the union was stayed. Though the court is most sympathetic to the plight of the workers who have lost their jobs through the closing of the plant, it is powerless to act.
The application to compel arbitration is accordingly denied.