■ In the Matter of G. E. HOWARD & Co., Respondent, v. THEODORE G. DALEY, as Treasurer of Local Union No. 445, International Brotherhood of

Teamsters, Chauffeurs, Warehousemen & Helpers of America, Appellant.— In a proceeding pursuant to CPLR 7503 to stay arbitration, the appeal is from an order of the Supreme Court, Orange County, dated February 10, 1969, which granted the application. Order affirmed, with $10 costs and disbursements. No opinion. Brennan, Acting P. J., Benjamin and Munder, JJ., concur; Hopkins, J., dissents and votes to reverse the order and to direct the parties to proceed to arbitration, with the following memorandum, in which Rabin, J., concurs: In my opinion, in staying the arbitration proceeding herein on the ground that the collective bargaining agreement between the parties contained no provision relating to severance pay, Special Term, in effect, improperly reached the merits of the dispute (CPLR 7501; *Matter of Long Is. Lbr. Co. [Martin]*, 15 N Y 2d 380, 384-385, and cases cited therein). The sole issue before the court was whether the arbitration clause was sufficiently broad to require submission to arbitration of a dispute concerning the rights of petitioner's former employees to severance pay. Unlike the arbitration clause in *Matter of Lloyd [A. Hollander & Son]* (17 Misc 2d 180), which provided that "'Any dispute regarding the true meaning and interpretation of *any provision of this agreement* shall be arbitrated in the manner herein provided'" (emphasis added), the clause herein requires submission of disputes "concerning the application or interpretation of any provision of this Agreement" and disputes "concerning any term or condition of employment, or otherwise" as well. I regard the arbitration clause broad enough to include a dispute as to severance pay, notwithstanding the fact that the substantive provisions of the agreement make no provision therefor. The absence of a provision for severance pay is relevant to the disposition of the question of the employees' ultimate rights thereto, but not to the question of the forum in which that question is to be decided. "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage" (*Steelworkers* v. *Warrior & Gulf Co.*, 363 U. S. 574, 582-583).