Saul S. Stkeht, J.
This is a motion by Sperry Gyroscope Company, hereinafter referred to as “ Sperry ”, to stay an arbitration proposed by the Engineers Association, hereinafter referred to as the “ Association ”. The Association is the bargaining representative for some 3,100 employees of Sperry.
The grievance sought to be arbitrated is the request of an employee, Bosomworth, that he “be promoted immediately” because ‘ ‘ I am now, and have been performing * * * the work of a higher classification.” The contract between Sperry and the Association provides that “ Unless otherwise provided elsewhere in this Agreement, all disputes, differences or grievances arising out of the interpretation or application of the provisions of this Agreement * * * shall, at the request of either party, be promptly submitted to arbitration ” (italics supplied). However, article 18(E)(2) does provide “otherwise ” as to the question whether an employee is entitled to a “merit increase”: “It is distinctly understood and agreed that such merit increases are at the sole discretion of the Employer (Sperry) and failure to receive such increase shall not be deemed a grievance -subject to the grievance and arbitration machinery herein set forth.” If the grievance here involved clearly relates to a “ merit increase ’ ’, it is not arbitrable, for the general arbitration clause, by its terms, is inapplicable in a case “ otherwise provided (for ) elsewhere in this Agreement.” On the other hand, if the grievance does not pertain to a “ merit increase ’ ’, as that term is used in the agreement, the dispute is arbitrable. The controversy is likewise arbitrable if it is not clear whether or not the grievance is a “ merit increase ’ ’ within the meaning of the agreement, for the general arbitration clause encompasses “ disputes, differences or grievances arising out of the interpretation * * * of the provi *549 sions of this Agreement ’ ’ (italics supplied). The provision for arbitration of disputes relating to the interpretation or construction of the agreement does not, however, extend to cases where the language sought to be construed is so clear that only one interpretation is possible. Thus, in Matter of International Assn. of Machinists (Cutler-Hammer) (271 App. Div. 917, 918) the court said: “ If the meaning of the provision of the contract sought to be arbitrated is beyond dispute, there cannot be anything to arbitrate and the contract cannot be said to provide for arbitration.” The Court of Appeals affirmed (297 N. Y. 519). Cases to the same effect are legion. Many of them are cited in Sperry’s brief.
In the court’s opinion, the “promotion” sought by Bosom-worth clearly constitutes a ‘ ‘ merit increase ’ ’ within the meaning and contemplation of the agreement and the grievance is, therefore, not arbitrable. The procedures and policies relating to “ merit increases ”, which are expressly made applicable by the agreement, include a “ change to a higher classification to reflect a corresponding change in duties and responsibilities.'” This language is exactly applicable to Bosomworth’s request for a higher classification because of the duties and responsibilities of the work being performed by him. Furthermore, a letter, which is made part of the agreement (see art. 18[J]), expressly provides that promotions are included within the term ‘ ‘ merit increases ’ ’. It requires Sperry to grant ‘ ‘ merit increases (including promotions as in the past) equal to 4.5% of the merit payroll” (italics supplied).
The Association argues that the grievance ‘ ‘ arises out of the Company’s attempt to use employees out of classification and were it permitted to continue, the classification system would be rendered meaningless”. If the relief sought by Bosom-worth were the discontinuance by Sperry of its assignment to him of duties and responsibilities pertaining to a higher position than the one in which he is presently classified, it might be that the grievance would be arbitrable. What Bosomworth demands, however, to quote from the grievance filed by him, is that he ‘ ‘ be promoted immediately ’ ’, not that Sperry cease requiring him to perform the work of a higher classification. That demand seeks relief the granting or refusal of which Sperry, under the express terms of the agreement, reserved to its “ sole discretion”, free from any right on the part of the employee or the Association to arbitrate the same. Sperry’s only obligation was to grant “merit increases (including promotions as in the past) equal to 4.5% of the merit payroll.” No claim is *550 made that this obligation was violated and it is, accordingly, unnecessary to determine whether the provision that failure to receive a ‘ ‘ merit increase ’ ’ shall not be arbitrable would bar arbitration of such a claim.
Motion for stay granted. Settle order.