Mario Pittoni, J.
This is a proceeding to stay arbitration of a dispute concerning bonus compensation due under three separate contracts of employment. Each contract provided for arbitration of disputes arising out of or in connection with the agreement or its performance.
The first contract was executed on October 26, 1953, and provided for payment to the employee McCabe of a bonus equal to 20% of the net profits. The employee claims no profit and loss statement was ever shown to him, and that he cannot determine whether he was adequately compensated. That fact is of no importance here. The agreement was terminated on notice, by McCabe, pursuant to an option reserved to either party. The termination itself did not preclude arbitration of the dispute concerning the extra compensation. The subsequent execution on October 31, 1955 of a second employment contract, however, effectively waived any additional compensation due under the first agreement and cancelled that contract.
*716 The October 31, 1955 agreement specifically states: “ 7. The employee hereby agrees to accept * * * as and for additional compensation * * * inclusive of the additional compensation provided * * * pursuant * * * to the agreement of October 26, 19S3, the following sums.” (Emphasis supplied.)
Paragraph 8 of this second agreement expressly provides, ■1 all claims of either of the parties as against the other # *' * in connection with the prior employment agreements * * * have been mutually satisfied, cancelled and discharged, and that the rights * * * of the respective parties shall be governed solely by * * * this agreement, ’ ’ with the exception of the specific obligations herein assumed. (Italics added.) The exception clause necessarily referred to the obligation of the employer to pay and the employee to accept payment of the sums mentioned as substitution for the bonus compensation due under the original contract. This clause did not effect a continuation of liability under the first agreement, and it cannot be • construed to preclude the intended and accomplished fact of cancellation thereof.
The right to arbitrate presupposes the existence of a valid and enforcible contract at the time the remedy is sought (Matter of Kramer & Uchitelle, 288 N. Y. 467, 471). This is lacking here with respect to the 1953 agreement. Arbitration under that agreement cánnot be compelled until its cancellation has been set aside in a separate action (Matter of Binger [Thatcher], 279 App. Div. 650, affd. 304 N. Y. 627). The employee’s denial of the fact of cancellation is without merit or substance, and the mere assertion of noncancellation raises no arbitrable dispute, absent a denial of execution of the second agreement.
The employee also seeks to have the arbitrators appraise the fairness of the 1955 and 1958 agreements, and to determine whether he has been adequately compensated in accordance with the moral intent of those agreements. The employee obviously refers to clauses in both agreements which provide in substance for payment of a bonus in such amount as the employer in his sole judgment shall determine is warranted by business conditions, profits earned and the employee’s contribution thereto. The explicit intent of this language is designed to preclude arbitration concerning the payment or amount of the bonus. (Cf. Matter of Hall [Sperry-Gyroscope Co.], 14 Misc 2d 547.)
In addition, the employee, upon terminating the 1958 agreement, states in his letter ‘ ‘ I hereby release and discharge you from all claims which I have, if any, under my * * * agree *717 ment * * * of January 1,1958.” This release is unambiguous, and presents no question as to the contract to which it referred or the subject matter thereof, as was the case in Matter of Stein-Tex (Ide Mfg. Co.) (9 A D 2d 288). The court accordingly finds that no arbitrative dispute exists, and the motion is granted. Settle order on notice.