Aron Stetjer, J.
By this petition, petitioners seek to compel respondent to proceed to arbitration. Petitioners are contractors who entered into two contracts for the excavation and foundation work on an extensive housing project for the New York City Housing Authority. The contract calls for arbitration of certain disputes. There is no question that the formalities of procedure under the contract were complied with. The issue on this application is whether a dispute, arbitrable under the contract, exists.
Arbitration is not required unless there is a bona fide dispute. A contract provision which is beyond dispute raises no issue even though the dispute may fall within the literal language of the arbitration agreement. (Matter of Sarle [Sperry Gyroscope], 4 A D 2d 638.) If the contract provisions are clear the assertion of a contrary meaning does not raise an issue (Matter of International Assn. of Machinists [Cutler-Hammer], 271 App. Div. 917). And the burden is on the party seeking the arbitration to show that the matter is arbitrable (Matter of Essenson [Upper Queens Medical Group], 307 N. Y. 68).
Petitioners seek to arbitrate whether certain excavation work comes within the contract price or is extra work.' The work consisted of the removal of rock. Petitioners have shown that the contract provides:
Form of Proposal, Note 9.
‘ ‘ The bidder shall include in his Base Bid the cost of all earth excavation required to be done by the Contract. The Bidder shall not, however, include in his Base Bid, the excess cost of rock excavation or old concrete excavation over such earth excavation as Unit Prices numbered 11 to 14, inclusive, shall apply to such excess cost * * *
‘ ‘ The terms ‘ rock excavation ’ and ‘ old concrete excavation ’ are defined in Division I of the Specifications for Foundations, and in Division I of the Specifications for General Construction ”.
Section 11, Division I of Contract 5, the contract for foundations is devoted to definitions and is the section referred to in the foregoing excerpt. The material portions read:
*772 “ 2. ‘ Bock Excavation ’ is defined as the excavation of rock and boulders over 1 cubic yard in size which cannot be dislodged and removed without blasting or drilling; * * *
“ 3. ‘ Old Concrete Excavation ’ is defined as the excavation of old concrete, over 1 cubic yard in size, which, after demolition, cannot be excavated without blasting or drilling.
‘ ‘ 4. 4 Earth Excavation ’ is defined as all excavation other than. ‘ Bock ’ and ‘ Old Concrete ’ excavation as defined above. ' Earth Excavation ’ shall include the excavation of the following material, one cubic yard or less in size, regardless of the means required for excavation: rock, boulders and old concrete.”
The meaning of the above is unmistakable. The only rock or old concrete to which the unit prices for extra work shall apply is that over one cubic yard in size regardless of how it is excavated, and of that of the required size only such as cannot be excavated without blasting or drilling. All other excavation is included in the base bid. That includes rock and old concrete of any size removable without blasting or drilling.
Petitioners do not claim that blasting or drilling was involved in the removal of the rock and old concrete, compensation for which is sought to be arbitrated. They seek to raise an issue on certain additional facts. At the outset of the work there was issued to petitioners by the authorized representative of the respondent three similar documents referred to as “ Proceed orders ”. They provide that subject to all contract stipulations and covenants the contractor is to provide all necessary labor and other items required for rock excavation over earth excavation. It is further stated that adjustment of the contract will be made in accordance with contract unit price No. 11. Each order is limited in amount. In addition, on the job petitioners submitted slips showing the quantities of rock excavated and these were signed by the respondent’s superintendent over the legend ‘ ‘ Field Approval of Time and Material Only ’ ’.
None of these documents affects the situation. The so-called proceed orders do not change the contract. Even if they had that potentiality, they expressly state that they are subject to the contract. Undoubtedly they authorize the petitioners to make rock excavaion as such is defined in the contract but they do not change the definition of what constitutes such excavation. If the issue that petitioners seek to present was whether they excavated matter that could not be excavated except by blasting or drilling these authorizations might be material, even weighty evidence. But they have and advisedly so, not pre *773 sen ted the issue. The slips show that they removed certain quantities but not the method employed. They cannot support a nonexistent issue.
Lastly petitioners rely on subdivision 8 of section 12, of the general specifications. This reads: “ 8. Should large boulders or old concrete be encountered in excavating, and it be found difficult or impossible to remove them as a whole, they shall be either line-drilled and wedged or otherwise displaced and removed. Where required by the Director, removal shall be without blasting.”
The contention that this section makes the removal of boulders “ extra work ” has no basis. It is silent on the subject, being devoted to the entirely distinct proposition of how the work should be done. Had the boulders been drilled as the section provides, their removal would, under the definition given, be rock excavation. But there is no claim that they were.
Petitioners have failed to show any arbitrable question and the motion is denied.