■ In the Matter of the Arbitration between GEORGE F. DRISCOLL COMPANY et al., Appellants, and NEW YORK CITY HOUSING AUTHORITY, Respondent.— Order appealed from affirmed, with $20 costs and disbursements to respondent. We are constrained to hold that under the provisions of the contract no bona fide issue can be tendered for arbitration (*Matter of General Elec. Co. [Elec., etc., Workers]*, 300 N. Y. 262; *Matter of International Assn. of Machinists [Cutler-Hammer]*, 271 App. Div. 917, affd. 297 N. Y. 519; *Alpert* v. *Admiration Knitwear Co.*, 304 N. Y. 1). Concur — Botein, P. J., Breitel and M. M. Frank, JJ.; Valente and Stevens, JJ., dissent and vote to grant arbitration in the following memorandum by Valente, J.: We do not share the constraint of the majority of the court since we believe that a dispute constituting an arbitrable question exists. The record clearly presents a dispute as to whether the work performed by petitioners under written "Proceed Orders" issued by respondent was contract work, included in the contract price, or extra work, with an adjustment of contract price to be paid for at unit prices. The contract specifically provides for arbitration of disputes relating to "Extra Work". Both Special Term and the majority of this court have decided, as a matter of law, that under the contract petitioner is not entitled to be paid for the extra work done. We are of the opinion that the determination of that question should not have been made by the court but should have been left to the arbitrators to whom the parties had contracted to submit their differences. We therefore dissent, and would direct arbitration to proceed. [15 Misc 2d 770.]