In the Matter of Clement Perrin et al., Doing Business as Perrin & Darby, Respondents, *v.* Stempinski Realty Corp. et al., Appellants.

First Department, December 19, 1961.

*Sidney S. Bobbé* of counsel (*Budner & Budner,* attorneys), for appellants.

*Leon Brown* of counsel (*Leo E. Ypsilanti,* attorney), for respondents.

*Per Curiam.* Upon the filing of the original mechanic's lien the individual appellants demanded arbitration. The demand raised the questions of whether the final installment under the contract was payable and whether the extras there claimed were compensable. When Special Term granted the application of petitioners to amend their lien, appellants withdrew their demand for arbitration. Petitioners then applied to the court for an order directing arbitration of all matters embraced in the lien. Appellants cross-moved for arbitration on the issue of whether the balance of the contract price was due and payable.

As to the balance due on the contract, no question is presented and it is conceded that arbitration is called for. The issue refers to the so-called extras. It is fundamental that the right to compel a resort to arbitration arises by contract only and is limited to such matters as are embraced in the contract. It is conceded here that the contract provides that there can be no recovery for extras unless the same are ordered in writing. It is further conceded that there are no writings ordering the extras for which recovery is sought. The arbitration clause provides for: " All questions that may arise under this contract and in the performance of the work thereunder ". Petitioners claimed in their petition, however, that the extras were " outside the terms and conditions of the aforesaid agreement in that the extras were not included in the contract price." If this means that the work done was not work performed under the agreement, there was no agreement to arbitrate in regard to it. If it was work done under the contract, it is met by the objection that there are no writings as provided for by contract.

If the latter is the true construction, the question remains whether this absence of writings is a bar to arbitration. No dispute exists where under the contract there is no arbitrable issue, and in such instances the literal language of the agreement to arbitrate is not controlling (*Matter of General Elec. Co.,* 300 N. Y. 262). Here the arbitrators will be asked to award compensation for extra work when the contract provides: " The Contractors shall not be entitled to payments for any extra work unless the Owners have agreed in writing to pay for such extra work." No recovery can be had for such work (*Glasser & Son*

v. *Jonwal Constr. Co.*, 186 Misc. 253). Petitioners have therefore not shown that there is an issue to be submitted to the arbitrators, and hence cannot proceed (*Matter of Driscoll Co.*, 15 Misc 2d 770, affd. 9 A D 2d 889, affd. 8 N Y 2d 994).

We now consider the effect of appellants' prior request for arbitration, which was withdrawn. Arbitrators had been appointed and the parties had appeared but nothing was done beyond appellants' announcement that they withdrew their application. As the withdrawal was based upon the additional claim which appellants deemed not to be arbitrable, their proper procedure, if they desired to contest this issue, would have been to apply to the court for a ruling on the question (*Matter of Bullard* v. *Grace Co.*, 240 N. Y. 388). If the objecting party proceeds, the question of arbitrability is waived (*Matter of Staklinski*, 6 A D 2d 565). The earlier application of appellants is, however, a concession that the issues which they sought to have arbitrated are arbitrable. And this includes in addition to the subject matter of the cross motion those items of extra work for which claim had been made in the mechanic's lien, as originally filed.

Appellants make the further point that the earlier arbitration was sought by the individual appellants only and the corporate appellant is not bound thereby. Moreover, the corporation is not a party to the contract and it could not be compelled to arbitrate. There is no claim that the requirement for a writing was ever waived, and neither the application nor the papers in support of it give any suggestion as to what issue would be submitted to the arbitrator which would enable him to render a decision which would avoid the effect of the provision the parties had agreed upon. However, the corporation did seek arbitration under the cross motion and would be bound by what its principals have already deemed to be arbitrable.

The order directing appellants to proceed to arbitration should be modified on the facts and the law by limiting the matter to be submitted to the arbitrators to the issues of whether the balance due under the contract is recoverable and whether there can be recovery for the items claimed in the original notice of mechanic's lien and, if so, the amounts recoverable, and as so modified affirmed.

RABIN, J. P., McNALLY, EAGER and STEUER, JJ., concur in *Per Curiam* opinion; STEVENS, J., dissents and votes to affirm.

Order entered on October 17, 1961 directing appellants to proceed to arbitration, modified on the facts and the law by limiting the matter to be submitted to the arbitrators to the

issues of whether the balance due under the contract is recoverable and whether there can be recovery for the items claimed in the original notice of mechanic's lien and, if so, the amounts recoverable, and, as so modified, affirmed. Settle order on notice.