OPINION OF THE COURT
Hortense W. Gabel, J.
This is a motion to vacate and set aside the default of General Accident Fire and Life Insurance Co. (hereinafter "General Accident”) and to dismiss the petition.
The proceeding itself seeks to join General Accident as an additional party respondent in an arbitration proceeding between Great American Insurance Co. (hereinafter "Great American”) and Carol Ramasso.
General Accident had been served with a copy of the notice of petition and petition on July 12, 1977 and a copy of the proposed order granting the petition on default with notice of settlement on August 30, 1977. The order was signed on September 30, 1977 and a copy of the entered order was served on General Accident on October 25, 1977. On November 1, 1977, the instant motion was brought. Since no real prejudice has resulted to petitioner, the motion to vacate the default is granted upon payment by General Accident to the petitioner of $25 costs.
*188 THE FACTS
The salient facts on the merits of the petition are as follows:
On May 27, 1976, Carol Ramasso, a pedestrian, was struck by a vehicle owned by Angelo Nicoletta. The Nicoletta vehicle was insured by Great American. As a result of that accident and on May 28, 1976, Ms. Ramasso received emergency room treatment at Elmhurst General Hospital.
On May 29, 1976, while driving her own vehicle which was insured by General Accident, Ms. Ramasso apparently suffered a seizure and struck three parked vehicles. She was treated by the Catholic Medical Center of Brooklyn and Queens. Subsequently, she was treated at Terrace Heights Hospital and Queens General Hospital, and by Dr. Monroe S. Hains and the Fresh Meadows Medical Association.
All of the bills were submitted to Great American for first-party benefits pursuant to the Comprehensive Automobile Insurance Reparations Act (Insurance Law, art XVIII, commonly referred to as "no-fault”) on the theory that all hospital and medical treatment were occasioned by the first accident. Great American has accepted the bill for treatment at Elmhurst General and rejected all other bills on the ground that the treatment rendered was caused by the second accident and should be compensated for by her own insurance company, General Accident.
Ms. Ramasso and Great American are involved in binding arbitration pursuant to section 675 of the Insurance Law. The question presented, which may be of novel impression, is whether or not the court has the power to grant the petition to join General Accident in the proceeding.
At first blush, it would appear that the petition is appropriate. If the petition were to be granted, one arbitration proceeding would determine which carrier is responsible for what treatment.
However, General Accident has not agreed to arbitration in this case. Except for statutes requiring compulsory arbitration (see 5 Am Jur 2d, Arbitration and Award, § 9), no one is under a duty to resort to arbitration unless he has agreed to do so in clear language. (Matter of Macy v National Sleep Prods., 39 NY2d 268, 270; Matter of Howard & Co. v Daly, 27 NY2d 285, 288; Matter of Level Export Corp. v Wolz, Aiken & Co., 305 NY 82, 86.) Ordinarily, the right to compel arbitra *189 tion arises by contract only and is limited to such matters as are embraced in the contract. (Matter of American Silk Mills Corp. v Meinhard-Commercial Corp., 35 AD2d 197, affd 31 NY2d 777; Matter of Perrin v Stempinski Realty Corp., 15 AD2d 91, app dsmd 11 NY2d 931.)
Nor is there a statute which would compel General Accident to proceed to arbitration under those circumstances.
Section 675 of the Insurance Law provides in essence that if an insurer does not reimburse a covered person for first-party benefits, the claimant shall have the right to proceed to arbitration. However, that section is inapplicable in this case since there is no showing that Ms. Ramasso had submitted such a claim to General Accident. Had she submitted such a claim and then proceeded to arbitration against General Accident, it may well be that the two proceedings could be consolidated. (County of Sullivan v Nezelek, 42 NY2d 123, 127.)
Nor does section 674 of the Insurance Law apply as it existed prior to December 1, 1977. That section provided in essence that as between insurers, there may be an apportionment of payment on the basis of the respective faults of the insured drivers who caused the accident. The section also provided for mandatory arbitration to resolve such disputes. The dispute before me now is not between the insurers on the basis of fault, but rather, on what treatment is referable to which accident.
Parenthetically, the recent amendment to subdivision 2 of section 674 of the Insurance Law (L 1977, ch 892, § 12) appears to be relevant to this issue. That section provides, in part, as follows: "Such mandatory arbitration procedures shall also be utilized to resolve all disputes arising between insurers concerning their responsibility for the payment of first party benefits.”
However, the amendment is applicable only to the use and occupation of motor vehicles on and after December 1, 1977 (L 1977, ch 892, § 17).
Since there has been no agreement to arbitrate by General Accident nor is there any applicable statute compelling arbitration, the petition is dismissed.