In the Matter of JAMES B. CAREY, as President of International Union of Electrical Radio and Machine Workers (AFL–CIO), Respondent, against GENERAL ELECTRIC COMPANY, Appellant.

First Department, October 22, 1957.

*William J. Barron* of counsel (*Harold R. Tyler, Jr.,* with him on the brief; *Gilbert & Segall,* attorneys), for appellant.

*Isadore Katz* of counsel (*Lieberman, Katz & Aronson* and *Benjamin Sigal,* attorneys), for respondent.

*Per Curiam.* The notice of arbitration in this proceeding does not make precisely clear what the tendered issue is. We glean from petitioner's brief that it contends that there was a violation of article VI (§ 5, subd. [c]) of the agreement between the parties, in that the company did not actually find Shell unqualified for upgrading and did not take into consideration relative length of continuous service in upgrading another employee rather than Shell, and that petitioner also contends, as a matter of interpretation or application of said section of the agreement, that Shell, being the senior worker of the two, was entitled to the upgrading and the company had no discretion in the matter so long as Shell was qualified.

The pertinent provision of the agreement for upgrading employees reads: "In upgrading employees to higher rated

jobs the Company will take into consideration as an important factor, the relative length of continuous service of the employees whom it finds are qualified for such upgrading.''

We think that the petitioner's suggested interpretation of this provision is utterly untenable and raises no arbitrable issue. Plainly, the company was not enjoined from considering other factors pertinent to upgrading or obliged automatically to upgrade the senior of qualified employees. The clear import and only possible import of the language of the agreement is that the company would take seniority into consideration as an important factor. Plainly seniority was not the only factor nor to be absolutely controlling. Petitioner cannot make an arbitrable issue out of a claim so clearly contrary to the explicit language of the agreement. (*Matter of International Assn. of Machinists* [*Cutler-Hammer, Inc.*], 271 App. Div. 917, affd. 297 N. Y. 519.)

Petitioner may, however, challenge the good faith of the company in its application of this provision of the agreement by presenting proof that the company either purported to find Shell unqualified when it actually found him qualified, or that it upgraded another employee in preference to Shell without taking into consideration the relative length of continuous service of the two employees.

The order appealed from should be modified to direct arbitration in accordance with this opinion, without costs.

PECK, P. J., RABIN, FRANK, VALENTE and McNALLY, JJ., concur.

Order unanimously modified to direct arbitration in accordance with opinion, without costs. Settle order on notice.