■ In the Matter of M. HALLSTED CHRIST et al., as Trustees of the Will of FRED SCHUMACHER, JR., Deceased, Appellants. NEW HYDE PARK ASSOCIATES, Respondent.— In a proceeding to stay arbitration, petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County, dated June 27, 1973, as, by way of granting the application to the extent set forth in the accompanying decision, stated that the rent for the first renewal period of the real property in question shall be 5% of the value of the premises as of November, 1972. (The order also granted the requested stay, but only until June 30, 1982.) Order reversed insofar as appealed from, on the law, without costs, and the following provision is inserted in the order under review, immediately after the provision that the application is granted to the extent indicated in the decision of Special Term "signed simultaneously herewith": "except that arbitration of the dispute between the parties as to the rental for the first renewal period of the lease is hereby stayed until June 30, 1982, unless otherwise agreed to by the parties"

(cf. CPLR 7501; *Leary* v. *Local 1968, I.B.E.W.-A.F.L.-C.I.O.*, 34 A D 2d 998; *Matter of Uddo [Taormina]*, 21 A D 2d 402, 405). Both parties agree that the arbitration may not be held until June 30, 1982. That is therefore not an issue in this case. However, the court should not have interpreted the lease as requiring the arbitrator to fix the rent as of November, 1972. Paragraph 31 of the lease, so far as here pertinent, reads: "If the landlord and tenant fail to agree as to the value of the then leased premises, as if vacant, unencumbered and unimproved with respect to any renewal term, or in the event of any disagreement as to the obligations and rights of either party to this lease, such rental value and rights and obligations shall be determined by arbitration". In directing that the rent be fixed as of November, 1972 Special Term was pre-empting the power given to the arbitrators under the terms of the lease and was applying the rule popularly known as the *Cutler-Hammer* doctrine (*Matter of International Assn. of Machinists [Cutler-Hammer, Inc.]*, 297 N. Y. 519) which was abrogated by section 1448-a of the Civil Practice Act, now contained in the second sentence of CPLR 7501 which provides: "In determining any matter arising under this article, the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute." See in this connection *Leary* v. *Local 1968, I.B.E.W.-A.F.L.-C.I.O.* (34 A D 2d 998, *supra*), in which this court said: "If Special Term finds [a] valid contract exists, then the scope of the matters which might be arbitrated thereunder are to be decided by the arbitrator [citing cases]" (bracketed matter supplied). Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.